Zable v. Louisville Baptist Orphans' Home.

CASE 17—PETITION EQUITY—OCTOBER 6.

# Zable v. Louisville Baptist Orphans' Home.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. FINAL ORDER.—An order overruling demurrer to answer and reciting that the plaintiff declined to plead further, excepted to the judgment and prayed an appeal to this court, which was granted, although it does not expressly order the dismissal of the petition, will be treated as a final judgment, as the court evidently so intended it and the parties have so treated it in argument in this court.

2. STREET IMPROVEMENTS—PLEADING.—Under the charter of the city of Louisville the proper averments in a petition of all the steps leading to the creation of a lien for the cost of street improvements, supported by copies of the record of the proceedings of the General Council, create in the face of a mere denial a *prima facie* case, and, therefore, notwithstanding an answer denying the allegations of the petition, the plaintiff is, in the absence of testimony, entitled to judgment.

3. PLEADING PRIVATE STATUTE.—A party pleading a private statute must at least state its title and the day on which it became a law.

   The defendant's plea of a provision in its charter exempting it from taxation was defective in failing either to set forth the exemption statute in *hæc verba* or to refer to it by its title and date.

4. EXEMPTION FROM TAXATION.—An orphan asylum renders such a public service as authorizes the Legislature to exempt its property from taxation.

5. SAME—THE WORD "TAXES" DOES NOT INCLUDE LOCAL ASSESSMENTS unless there be something in the statute in which it is found to indicate such an intention.

   A provision in the charter of a corporation exempting its property "from all taxation by State or local laws for any purpose whatever" does not exempt it from local assessments for street improvements.

Zable v. Louisville Baptist Orphans' Home.

6. STREET IMPROVEMENTS.—The City Council, in ordering the construction of a street, must itself fix the grade of the street and not leave the matter to the judgment of the City Engineer or the contractor, and a petition to enforce a lien for the cost of such an improvement must show that the grade was fixed by the Council. It will not be presumed that the grade was fixed by an ordinance merely referred to in the ordinance filed with the petition.

N. G. ROGERS FOR APPELLANT.

Brief not in record.

O'NEAL, JACKSON & PHELPS FOR APPELLEE.

1. The Legislature has power to exempt charitable institutions and schools from taxation. (Barbour v. Louisville Board of Trade, 82 Ky., 645.)
2. The petition is defective in that it fails to show that the Council ever took any action to fix the depth of the grade. The Council had no power to leave the question of grade either to the contractor or the City Engineer. (Joyes v. Hydes & Goose, 4 Bush, 464; Henderson v. Brown, 7 Ky. Law Rep., 609.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, F. Zable, sues to enforce a lien against the property of the appellee, the Louisville Baptist Orphans' Home, for its proportion of the cost of constructing an alley abutting it under a contract with the city of Louisville.

The answer denies the averments of the petition, and in a second paragraph avers that it is a corporation conducted solely for charity, realizing no profit from its investments; and that its charter, which ante-dates the ordinance under which the improvement was made, in consideration of public services exempts its property from all taxation for any purpose. A demurrer to this paragraph was overruled; and the plaintiff declining to plead further, the action was dismissed as to the appellee.

The judgment, as copied into this record, does not expressly so order, but it overrules the demurrer; recites that the plaintiff declined to plead further, and, after ex-

cepting to the judgment, prayed an appeal to this court, which was granted, the case being retained for further proceedings against the other defendant, the city of Louisville. With some hesitation we shall treat this as a final judgment as to the appellant, and therefore consider the appeal. The court evidently so intended it; the parties so regarded it, and have so treated it in argument in this court.

Under the charter of the city the proper averment in a petition of all the steps leading to the creation of such a lien, when supported by such exhibits as were filed in this instance, creates in the face of a mere denial a *prima facie* case. Hence, if the petition was sufficient and the defense set out in the second paragraph insufficient, the plaintiff was, in the absence of testimony, entitled to judgment.

It is claimed, first, that if a good defense upon the score of exemption in fact existed, it was not sufficiently pleaded. The answer did not set forth the exemption statute in *hæc verba*, nor did it refer to it by stating its title and the time when it became a law. It is a private statute, and section 119, sub-section 2 of the Civil Code provides: " In pleading a private statute it shall be sufficient to refer to it by stating its title and the day on which it became a law." A party relying upon such a statute must at least state this much, and the plea was defective in this respect. As the case must go back for another hearing it is not improper to consider other objections to the plea. To do so will doubtless expedite the case.

It is urged that the appellee renders no public service, and that, therefore, the Legislature could not, constitu-

tionally, exempt it from taxation. It is, however, a charity, and as such renders a public service. Its very name indicates its object, and entitles it to privilege and gratitude. It is the duty of the State to care for its indigent orphans, and if done by another, he renders what is properly a public service, and the Legislature may, therefore, without regard to the extent of it, exempt the property devoted to such use from taxation. Examination shows, however, that the provision of the statute intended to be relied upon reads thus : " The property, money and estate and rights of said corporation shall be exempt from all taxation by State or local laws, for any purpose whatever." (Acts 1869–70, volume 1, page 181.) While the language is broad, yet it really amounts to no more than saying that the appellee shall be exempt from all taxation. The word " tax " does not embrace a local assessment. Something more is needed, showing that such was the legislative intention. Such a purpose, inasmuch as it imposes an additional burden upon others, should appear with reasonable certainty. Exemptions are of grace. They are to be strictly construed, and can embrace only what is clearly within their terms.

While the right to levy a local assessment, as, for instance, to pay for a street improvement in a town or city, is derived from the taxing power, yet it is a distinct character of taxation not ordinarily included within the meaning of that term. It proceeds upon the ground of equivalent benefits, and that it is no burden to pay for the improvement of a street in the ratio of benefits received.

It is said in Burroughs on Taxation, page 461 : " The word tax, or taxes, does not include local assessments un-

less there be something in the statute in which it is found
to indicate such an intention. The question frequently
arises in the construction of statutes exempting persons
or corporations from the payment of 'taxes,' and the
almost unbroken current of authority is that such expres-
sions do not include local assessments. In the case cited
from 46 Cal., 553, (Williams v. Corcoran), the defendant
was ' *exempted from taxation of every kind,*' yet this was
construed not to include a local assessment for the im-
provement of a street on which its real estate abutted.
The language in the other cases cited is fully as strong.
It is regarded as a distinct species of taxation not in-
cluded in the general terms, tax and taxation."

Another leading writer upon this subject says : " It has
been shown in another place that, while these local assess-
ments are laid under a taxing power, they are not taxes
in the ordinary understanding of that term, and that,
consequently, the usual exemptions from taxation will
not preclude the property exempted being subjected to
them." (Cooley on Taxation, 2d Ed., 650.) The ad-
judged cases are in accord with these writers. (Baltimore
v. Cemetery Company, 7 Md., 517 ; Bridgeport v. Railroad
Co., 36 Conn., 255 ; State v. Newark, 27 N. J. Law, 185 ;
Patterson v. Society, 24 N. J. Law, 385.)

We have in this State a general statute exempting
church property from taxation ; but in the case of the
Broadway Baptist Church, &c., v. McAtee, &c., 8 Bush,
508, it was held that such property in the city of Louis-
ville was liable for its proper proportion of the cost of
construction and reconstruction of streets. In that case
the statute was a general one, applying to all church
property, while here it is a private one relating only to

the appellee; but this does not render a different rule of construction applicable. The principle is the same, and whether the exemption be by a general statute or by a special one, relating only to the party claiming the exemption, it must, in the absence of language importing otherwise, be held to relate only to taxation for the general purposes of State, county and municipal government.

To say of property that it is " exempt from all taxation by State or local laws for any purpose whatever" certainly gives no greater exemption than to say that it is " exempted from taxation of every kind," and in enacting the statute in question the Legislature must be presumed to have known of the almost uniform construction that has been given to the word " taxation." This being so, had it been intended to exempt the property of the appellee from being liable for its proper proportion of the cost of a benefit, which, as must be presumed, is directly conferred upon it by the construction of the street, the statute would have provided in express terms, that it should be exempt from local assessments. Such an intention can not fairly be inferred from the language used, and it must be presumed that the word " taxation " was employed in its legal sense.

It is said, however, that the petition is defective in that it fails to aver or show by any of the exhibits filed as a part of it, that the City Council fixed what should be the grade of the street. This objection is well taken. The copy of the city ordinance filed with the petition refers to another one, but no copy of it is filed, nor are its provisions set forth in the petition. It may and it may not fix the grade of the improvement. No presumption that it does is admissible. The Council could not abdicate

its legislative power in this respect, and, leaving the matter to the judgment or, perhaps, whim of the City Engineer or the contractor, subject the property of the abutting owner to whatever the improvement might cost. This would leave him largely at the mercy of an irresponsible and, perhaps, interested party. The city, by its charter, has power to improve its streets as may be prescribed by ordinance. The power is a legislative one, and the kind and character of the improvement must be fixed by the City Council. (Hydes & Goose v. Joyes, 4 Bush, 464.)

While, therefore, the second paragraph of the answer was, for the reasons indicated, open to demurrer, yet it should have been carried back and sustained to the petition, and the judgment is reversed, with leave to the parties to amend the pleadings and for further proceedings .in conformity to this opinion.