CASE 59.—ACTION BY ELSWORTH WOODS AGAINST JAMES
        T. THOMAS TO ENFORCE A LIEN FOR THE CON-
        STRUCTION OF A SEWER.—March 25.

# Thomas v. Woods

Appeal from Kenton Circuit Court.

M. L. HARBESON, Circuit Judge.

Judgment for plaintiff  Defendant appeals.—Reversed.

1.  Municipal Corporations — Public Improvements — Assessments
    for Benefits—Nature of Improvements—Sewer—"Original Im-
    provement."—Ky. St. 1903, section 3100, provides that no error
    in the proceedings of the general council shall exempt from
    payment after the work is done, as required by the ordinance
    or contract, but that no ordinance for any original improve-
    ments mentioned in the act shall pass both branches of the
    general council at the same meeting, and at least two weeks
    shall intervene between its passage in the two branches,
    and by section 3105 of the act the general council is given
    power to contract for sewers. Held, that the construction
    for the first time of a sewer in front of defendant's property
    was an "original improvement" within the statute.
2.  Same—Effect of Violating Statute Authorizing Improvement.—
    The provision requiring two weeks to intervene between the
    passage of the ordinance in the two branches of the council
    is mandatory, and, where only three days intervened, the
    ordinance was void.

ORLANDO P. SCHMIDT for appellant.

1. The liability of the owner of property for improvements of
this character is purely statutory. There is no common law
liability. The liability being statutory, the statute must be strictly
pursued. These principles are fully established by the following
decisions:  (Caldwell v. Rupert, 10 Bush, 179; City of Henderson

v. Sutton, 7 Ky. Law Rep., 378; Harris v. Zable, 5 Ky. Law Rep., 114.)

2. The strictness with which the courts have held that municipal corporations are required to pursue the charter provisions as to the imposition of burdens of this sort, is well illustrated.

3. Even if there had been a valid ordinance and contract, which we deny, the general council had no right to delegate its legislative powers to the engineer, or to leave to his caprice the important matter of fixing the grade of St. Louis street in front of appellant's property and the equally important matter of fixing the depth below the natural surface at which the sewer was to be laid.

ORIE S. WARE for appellee.

POINTS AND CASES CITED.

1. A sewer is not an "original improvement as contemplated by section 3100 of Kentucky Statutes. (Sections 3094 to 3100, both inclusive, Kentucky Statutes.)

2. Failure of council to allow two weeks to elapse between the passage by one board and the other of an ordinance ordering the construction of a sewer is an error in the proceedings which is cured by the language of section 3100 of the Kentucky Statutes. (Cases cited and distinguished: Caldwell v. Rupert, 10 Bush, 179; City of Henderson v. Sutton, 7 Ky. Law Rep., 378; Kaye v. Hall, 13 B. Mon., 455; East Tenn. Tel. Co. v. Anderson Co. Tel. Co., 22 Ky. Law Rep., 418; Maraman v. Ohio Tel. Co., 25 Ky. Law Rep., 784; City of Covington v. Brinkman, 25 Ky. Law Rep., 1949; Fehler v. Gosnell, 99 Ky., 380; Louisville v. Gleason, 20 Ky. Law Rep., 1865; Louisville v. Gast, 26 Ky. Law Rep., 412; Noland v. Mildenberger, 29 Ky. Law Rep., 1179; Section 3100 Kentucky Statutes.)

3. Where the depth of a sewer is left to the judgment of a city engineer, it is such an error in the proceedings of the general council as is cured by the language of section 3100 Kentucky Statutes. (Louisville v. Gast, 26 Ky. Law Rep., 412; Noland v. Mildenberger, 29 Ky. Law Rep., 1179; Section 3100, Kentucky Statutes.)

Opinion of the Court by Wm. Rogers Clay, Commissioner—Reversing.

This action was instituted in the Kenton circuit court, by the appellee, Elsworth Woods, to enforce a lien against the property of appellant, James T. Thomas, for the construction of a sewer in front of his property on St. Louis street in the city of Covington. The petition sets out the passage of the ordinance and the various proceedings of the general council, and states that, by reason thereof, appellee has a lien on the property of appellant described in the petition. Appellant Thomas filed an answer in three paragraphs. A demurrer to each of the paragraphs of the answer was sustained, and appellant then filed an amendment to the first and second paragraphs of the original answer. To these paragraphs as amended the court also sustained a demurrer. Appellant declining to plead further, the court gave judgment in favor of appellee, and ordered a sale of appellant's property.

The first paragraph of appellant's answer and amendment thereto presents the defense that two weeks did not elapse between the passage of the ordinance ordering the construction of the sewer by the board of councilmen and its passage by the board of aldermen, as required by section 3100 of the Kentucky Statutes, of 1903, and that said ordinance is therefore void. Section 3100 of the Kentucky Statutes for 1903 is as follows: "No error in the proceedings of the general council shall exempt from payment, after the work has been done, as required by either the ordinance or contract; but the general council or the courts in which suits may be pending shall make all

corrections, rules and orders to do justice to all parties concerned; and in no event, if such improvement be made as is provided for, either by ordinance or contract, shall the city be liable for such improvement without the right to enforce it against the property receiving the benefit thereof; but no ordinance for any original improvement mentioned in this act shall pass both boards of the general council at the same meeting, and at least two weeks shall elapse between the passage of any such ordinance from one board to the other." Counsel for appellee insists that this provision is not available as a defense to this action for two reasons: (1) A sewer is not an original improvement. (2) Any defect in the ordinance is simply an error in the proceedings of the general council, which can not exempt from payment, inasmuch as the work has been done as required by the ordinance or contract. As to what are local improvements, as well as the general rule relating thereto, is well stated by Abbott in his work on Municipal Corporations (vol. 1, p. 794) in the following language: "On the contrary, the opening, paving, or macadamizing, grading, curbing, and guttering or general improvement of streets and highways, the running of water pipes and mains, or placing of hydrants, construction of viaducts, local sewers, ditches, or drains, or the running of sewer pipes, the construction or repair of sidewalks, the establishment of parkways, public grounds or parks, the construction of safe harbors, landings, wharves, and docks, have each been considered local improvements of such a character that the cost of their construction or making should be assessed against the property benefitted in proportion to the benefits received. The general rule in regard to the construction of all the improvements noted above in the absence of special

charter or statutory provisions is that the original cost of such improvement must be borne by local assessments levied upon property benefited. After such original construction the cost of making the usual and necessary repairs must, however, be paid from the general corporate funds or revenues." In the case of State v. Reis, 38 Minn. 371, 38 N. W. 97, the court in defining an improvement uses the following language: "The only essential elements of a 'local improvement' are those which the term itself implies, viz., that it shall benefit the property on which the cost is assessed in a manner local in its nature, and not enjoyed by property generally in the city. If it does this, rendering the property more attractive and comfortable, and hence more valuable for use, then it is an improvement. Under this definition there can be no doubt that a local sewer of the kind constructed in front of appellant's property is an improvement. It materially benefits the property in front of which it is constructed. It carries away the sewage which would otherwise be accumulated on the premises. In this way it adds to the comfort, convenience, and value of the property. In the case of In re Leake & Watts Orphan Home, 92 N. Y., 116, it was held that the authority to regulate, grade, and otherwise improve a certain avenue carried with it the right to construct a sewer in it. Thus it will be seen that a sewer is regarded not only as an improvement, but as a street improvement.

Counsel for appellee earnestly insists that the word "original" indicates that there may be a construction, and subsequently a reconstruction of the sewer; that, while the statute provides for the construction of sewers, no provision is made for their reconstruction; that, after the sewer has been once constructed, it is

the duty of the city to keep the same in repair. It is unnecessary to determine who would be liable for the subsequent construction of a sewer. That one might be subsequently constructed admits of no doubt. The word "original" when used in connection with an improvement, refers to an improvement when first made. So far. as the record shows, the sewer constructed in front of appellant's property is the first there constructed. Being an improvement, we think it necessarily follows that it is an original improvement. It will be observed that the language of section 3100 is very broad. It does not say "any original improvement heretofore mentioned," or mentioned in any particular section, but "any original improvement mentioned in this act." It therefore includes every kind of improvement constructed for the first time, and mentioned in said act. By section 3105 the general council are given the power to construct sewers. Sewers, therefore, are improvements mentioned in the act, and, when constructed for the first time, must necessarily be original improvements. That being the case, the provisions of section 3100, with reference to the passage of ordinances ordering original improvement, apply to sewers.

But it is argued that the failure to let two weeks elapse between the passage of the ordinance in the two boards of the council is simply an error in the proceedings of the council, and does not exempt from payment after the work has been done. It will be observed, however, that the provision to the effect that "no error in the proceedings of the general council shall exempt from payment, after the work has been done, as required by either the ordinance or contract," is immediately followed by this

provision: "But no ordinance for any original improvement mentioned in this · act shall pass both boards of the general council at the same meeting, and at least two weeks shall elapse between the passage of any such ordinance from one board to the other." We think it perfectly plain,, therefore, that a failure to let two weeks elapse between the passage of the ordinance in question from one board to the other is not the kind of error in the proceedings of the general council which the council or the court may thereafter correct. This provision of the statute we think is mandatory. It must be complied with in order to give any validity to the proceedings. A failure to comply with it is fatally defective. If the Legislature had intended that no error in the proceedings of the general council should exempt from payment after the work had been done in accordance with the ordinance or contract, it would not have added the further provision in regard to the time and passage of the ordinance in the two boards. There would have been no need for the latter provision, if the failure to comply with it constituted merely an error in the proceedings of the council which could be corrected by the council or the courts. The ordinance in this case was passed by the board of council on April 16, 1906, and by the board of aldermen on April 19, 1906. Thus it will be seen that only three days elapsed between the passage of the ordinance by the two boards. This ordinance was the foundation of the whole proceeding. Its passage was in plain violation of the express words of the statute, and it is therefore void.

The correct interpretation of section 3100, Ky. Stats., 1903, may be found in Richardson, etc., v. Mehler, etc., 111 Ky. 408, 63 S. W. 957, 23 Ky. Law Rep. 917, where a similar provision contained in the

charter of cities of the first class was under consideration. In that case the court said: "The correct doctrine seems to be that the liability for such improvements must under the statute be created by legislative action of the council, and that legislation must be valid at least in part or no liability can arise. If the foundation is a nullity, none of the subsequent proceedings can be validated. If the ordinance be wholly void, it can not be authority for a valid contract, for there is no authority to make the contract except the ordinance. By such an ordinance there is created an obligation to pay for a service for which there is no common law liability. Whitefield v. Hipple, 12 S. W. 150, 11 Ky. Law Rep. 386. It could not be created except for the statute. It must be created in conformity thereto." The above language was followed and approved by this court in the case of City of Covington v. Brinkman, 79 S. W. 234, 25 Ky. Law Rep. 1949. Having reached the conclusion that the ordinance is void, it will be unnecessary to determine the other questions raised on this appeal.

For the reasons given, the judgment is reversed and cause remanded, with directions to dismiss the petition.