## City of Ashland v. Steele.

## Steele v. City of Ashland.

## Moore v. Same.

(Decided November 30, 1926.)

(Rehearing Denied, with Modification, April 26, 1927.)

## Appeals from Boyd Circuit Court.

1. Municipal Corporations—Where two weeks did not elapse between passage of ordinance by two municipal boards for construction of certain streets in city of second class, ordinance was invalid, even though all owners of property fronting and abutting on streets petitioned to have streets constructed at their expense, where city had to construct intersections, and rights of public were also involved, in view of Ky. Stats., sections 3096, 3097.

2. Municipal Corporations—Where ordinance providing for construction of certain streets was invalid because passage did not conform to statute, a contract for construction of such streets rested on validity of ordinance, and was invalid.

3. Municipal Corporations—Where ordinance for construction of certain streets was invalid and proceeding for judgment, declaring rights of parties under contract for construction of those streets, was instituted before any work was done, contractor was not entitled to contract, since there was no question of waiver or estoppel, in view of Ky. Stats., section 3100.

S. S. WILLIS for appellant in Steele v. City of Ashland.

JOHN T. DIEDRICH and FRANK C. MALIN for appellees.

PRICHARD, MALIN & SMITH and FRANK C. MALIN, for appellant in Moore v. City of Ashland.

JOHN T. DIEDRICH and S. S. WILLIS for appellees.

JOHN T. DIEDRICH for appellant in City of Ashland v. Steele.

PRICHARD, MALIN & SMITH and S. S. WILLIS for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

This is a proceeding under the Declaratory Judg-
ment Act (Laws 1922, c. 83), and the facts are agreed.
There are three of the appeals. The city of Ashland is
appellant in one of them, and Sam L. Steele and S. S.
Moore are appellees. Sam L. Steele is appellant in one
of them, and the city of Ashland and Mr. Moore are
appellees. In the other appeal S. S. Moore is the appel-
lant and the city of Ashland and Mr. Steele are appellees.
For convenience we will refer to them hereinafter as the
municipality, Mr. Moore, and Mr. Steele.

It first becomes necessary to determine whether three
contracts for the construction of certain of the streets of
the municipality entered into by it with Mr. Steele are
valid under the steps taken to that end. The munici-
pality is a city of the second class. This action was in-
stituted to determine the rights and liabilities of the par-
ties before any of the work has been done. The only
question affecting the validity of the contract between
the municipality and Mr. Steele arises from the provisions
of section 3096, Kentucky Statutes, that "no ordinance
for the original improvement of any public street or side-
walk as contemplated in this section shall pass both
boards of said general council on the same day, but at
least two weeks shall elapse between the passage of any
such ordinance from one board to the other." Two weeks
did not elapse between the passage of the ordinance for
the construction of the streets involved in the contro-
versy herein by the two boards of the municipality. It
is insisted for Mr. Steele, however, that, in view of the
fact that these ordinances were enacted pursuant to a
petition to the general council of the municipality, which
was signed by all of the owners of property fronting and
abutting on the streets to be improved, who, by the peti-
tion, asked to have the streets constructed at their ex-
pense, and agreed that their property fronting and abut-
ting thereon might be put in lien for the payment of same,
the requirement of the statute, *supra,* that two weeks
must elapse between the passage of the proposed ordi-
nance by the two boards of the municipality's general
council was waived; and that, therefore, the ordinances
so enacted are not invalid. Whether that would be true in
a case where no interest is involved other than that of the
property holders with property abutting on the streets

proposed to be improved is not here presented, and consequently will not be determined. We find that by the further provisions of section 3096, *supra,* it is required that the city shall pay the cost of the improvement of intersections with other public ways, including one-half of the width of the street or alley being improved opposite other streets or alleys which run into but do not cross, the street or alley so being improved. It appears from the ordinances in controversy herein that the street intersections on the street to be constructed had not theretofore been constructed by the city, but were required to be constructed under the ordinances and contracts in controversy at the expense of the city. Consequently, we have a case in which the interest of those owning property fronting and abutting on the streets proposed to be constructed is not the sole interest involved. The city being required at its expense to construct all of the street intersections from funds derived from taxation generally, the interest of all of the taxpayers of the city necessarily was involved in the proposed street construction and in the ordinances and other steps required to the end that valid ordinances and contracts may be enacted and entered into by the municipality. That interest being involved herein, it seems impossible to escape the conclusion that ordinances for the construction of streets and contracts to that end can validly be enacted and entered into by the municipality only when done in accordance with the statutory authority for so doing.

It was held in this court in Thomas v. Woods, 128 Ky. 555, 108 S. W. 878, 32 Ky. Law Rep. 1405, that the provision that two weeks must elapse between the passage of such ordinances in the two boards of the general council is mandatory, and that ordinances passed otherwise are invalid. Though the statute in question has been amended in some particulars, as attorney for Mr. Steele suggests, the amendments cannot be said to have had the effect of removing the cause and the reason for this court's holding that the provision, *supra, is* mandatory. The provision that two weeks must elapse between the passage of such ordinances by the two boards, which had been construed and held to be mandatory by this court in the Thomas Case, *supra,* was left intact in the statute as amended, clearly indicating the legislative intention that it should continue to be so regarded by the courts. It is agreed, and the records of the municipality in evidence herein disclose, that the ordinances for the

construction of the streets in question were enacted by
the two boards of the general council of the municipality
in much less than two weeks.  Mr. Steele's right to a con-
tract and to be permitted to construct those streets must
rest upon the validity of the ordinances so passed.  For
the reasons indicated, this court is of the opinion that he
has failed to manifest his right to the relief sought by
him herein.  The judgment of the chancellor denying him
such right, therefore, will be affirmed.

After the enactment of the ordinances under which
Mr. Steele claimed the right to a contract with the city
for the construction of the streets in question, the munici-
pality, advised that they were invalid because the ordi-
nances were enacted by the two boards within less than
two weeks, again enacted ordinances for construction of
the streets in question, and more than two weeks elapsed
between their passage by the two boards.  Mr. Moore
asserts his right herein under the ordinances last en-
acted.

Section 3097, Kentucky Statutes, provides:

"Before the general council shall order the im-
provement of any street, alley, public way or side-
walk as provided in section 3096 it shall adopt a reso-
lution designating the street or other public way or
sidewalk proposed to be improved, setting out in
general terms the character and extent of the pro-
posed improvement and declaring such improve-
ment to be a necessity."

Section 3059, Kentucky Statutes, provides:

"No ordinance and no resolution shall be passed
unless a majority of the members-elect in each board
shall vote therefor on a *viva voce* vote, which shall
be entered in full on the journals of the two boards,
and until it shall have been read in each board at two
several meetings and free discussion allowed
thereon; so much of this provision as requires a
reading at two several meetings may be suspended
by a vote of two-thirds of all the members-elect of
the board in which the proposed ordinance or reso-
lution is pending."

It appears herein that, in adopting the resolution
declaring the necessity for the improvement of the streets
in question required to be done by section 3097, *supra,*

the municipality's law-making body did not comply with the provisions of section 3059, *supra,* in that it was adopted at a single session of each of the two boards, without suspending the provision that it must be read at two several meetings of the two boards. This proceeding for a judgment declaring the rights of the parties was instituted before any of the work was done, and is between the municipality and the bidders for the street work. Therefore no question whether the property owners have waived their rights or are estopped arises. Applicable alike to the Steele case and to the Moore case, if either of them had proceeded and had been permitted to construct the streets in question, the fact that the property owners had petitioned for the improvements at their expense, and agreed that their lands abutting upon the streets might be put in lien, doubtless would have operated as a waiver of their right to complain either as to the failure to let two weeks elapse between the passage of the ordinances by the two boards or as to the failure to comply with sections 3097 and 3059, *supra.* The petition for the improvement and their failure to act seasonably to prevent the successful bidders from suffering loss by doing the work doubtless would have estopped them in an action to resist payment of assessment liens. This proceeding, however, was instituted before the work was undertaken. Therefore the provisions of section 3100, Kentucky Statutes:

> "Nor shall any error in the proceedings of the general council exempt any property from the lien for, or payment of, such taxes after the work has been done and accepted as provided in this section; but the general council or the courts in which suits are pending, shall make all corrections, rules and orders to do justice to all parties concerned; and in no event shall the city be liable for any part of the cost of such improvement except as provided in section 3096,"

are not to be called into play. Hence the distinction between this and the line of cases adjudging the rights of the parties after the work has been performed in actions in which the property owner resists payment of assessments. Wait v. Southern Oil & Tar Co., 209 Ky. 682, 273 S. W. 473, falls within the latter class, because it was an action by a property owner resisting payment of the street assessment after the work had been done.

For the reasons indicated, we conclude that the chancellor properly adjudged that Mr. Moore failed to manifest his right to a contract and to be permitted to construct certain streets of the municipality under the questioned ordinances and proceedings.

The judgment of the chancellor from which the municipality, Mr. Moore, and Mr. Steele have appealed will therefore be affirmed.