# Dixon v. Louisville Asphalt Company.

·(Decided May 28, 1929.)

HUMPHREY, CRAWFORD & MIDDLETON for appellant.

FURLONG & WOODBURY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The board of public works of Louisville prepared and submitted to the general council of the city a grade map of the street known as Lexington Road. Thereupon, on October 8, 1925, by resolution, the grade was approved, both boards of the council acting on the same day. The resolution was approved by the mayor on October 9. Afterwards, on the recommendation of the board of public works, the general council of the city duly passed an ordinance for the reconstruction of Lexington Road. The Louisville Asphalt Company was the best bidder, and the contract was duly made with it for the work and approved by the council. The work was done according to the plans and specifications prepared by the board of public works and on file. The cost ·of the improvement was apportioned among the owners of the lots contiguous to the improvement, and this was also approved by the council. William B. Dixon, the owner of one of the

lots, refused to pay, and this suit was filed against him to enforce the lien by the contractor. Dixon defended on the ground that the grade for the street was established by the council in a resolution which passed both boards on the same day, and was invalid. He insists that the grade could only be fixed by ordinance and that an ordinance is invalid if passed by both boards on the same day. This is the only question made in the case. The circuit court gave judgment in favor of the plaintiff. Dixon appeals.

In Zable v. Louisville Baptist Orphans' Home, 92 Ky. 89, 17 S. W. 212, 13 Ky. Law Rep. 385, 13 L. R. A. 668, the city council had failed to fix what should be the grade of the street, and it was held that the power to fix the grade is a legislative power and the kind and character of the improvement must be fixed by the city council. That case followed Hydes v. Joyes, 4 Bush, 464, 96 Am. Dec. 311, and other like cases decided by this court in which the council had taken no action fixing the grade. But those cases were all decided under the charter of the city of Louisville in force before 1893. The present act provides:

"No ordinance shall pass both boards on the same day." Ky. Stats., sec. 2777.

"The board of public works shall consist of three members." Ky. Stats., sec. 2824.

"The board of public works shall have exclusive control over the construction, reconstruction, cleaning, repairing, platting, grading, improving, sprinkling, lighting and using of all streets." Ky. Stats., sec. 2825.

"No public way shall be opened, widened, narrowed, closed or constructed, and no sidewalk shall be constructed or reconstructed, and no public wells and cisterns shall be dug and walled, except by ordinance recommended by the board of public works." Ky. Stats., sec. 2826.

"Whenever said board shall order any work to be done which, either by order of said board or according to law, is to be performed by independent contract, said board shall prepare and place on file in the office of said department complete drawings and specifications of said work." Ky. Stats., sec. 2829.

"Said board shall let said contract to the lowest and best bidder, which contract shall be subject to

the approval of the general council. Said board shall have power to reject any and all bids." Ky. Stats., sec. 2829.

"When, in the opinion of the board, it shall become necessary, in the prosecution of any work, to make alterations or modifications in the specifications or plans of a contract, such alteration or modification shall be made only by order of the board, and such order shall be of no effect until the price to be paid for the same shall be agreed upon, in writing and signed by the contractor and approved by the board." Ky. Stats., sec. 2830.

"No error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract; but the general council, or the courts in which suits may be pending, shall make all corrections, rules and orders to do justice to all parties concerned; and in no event, if such improvement be made as is provided for, either by ordinance or contract, shall the city be liable for such improvement, without the right to enforce it against the property receiving the benefit thereof; but no ordinance for any original improvement mentioned in this act shall pass both boards of the general council at the same meeting, and at least two weeks shall elapse between the passage of any such ordinance from one board to the other." Ky. Stats., sec 2834.

In Barber, etc., Co. v. Garr, 115 Ky. 351, 73 S. W. 1109, 24 Ky. Law Rep. 2227, the court, after quoting Kentucky Statutes, secs. 2826, 2829, and 2830, said: "These three sections must be read together, and evince, when taken together, a purpose on the part of the Legislature in creating the board of public works, to vest in it, where the council has directed an improvement in general terms, the power to carry out in detail the work so directed, on the idea that in the matter of these details the board of public works is better calculated to look into each and properly guard the interest of the city than the general council can possibly be with the limited time at its disposal."

Again in Barringer Land Co. v. Barber, etc., Co., 149 Ky. 138, 147 S. W. 893, the court having before it a case like this, where the council had by resolution approved the grade fixed by the board of public works, said this: "The initiation of the work is legislative in

character, and therefore it is incumbent upon the council to say whether the street shall be opened and improved for public use, and in view of its connections and situation determine whether it will be a main thoroughfare and improved to accommodate light or heavy traffic. A decision here will in itself determine the width of street and kind of pavement. When these matters are settled by ordinance the question is then by statute properly referred to the board of public works, and this board after considering the paving required and probable traffic to be accommodated and facilities for drainage of surface and storm waters and the grade line of connecting and intersecting streets now, or to be improved hereafter, fixes the grade. It is essentially an engineering problem. If it were necessary by statute in order to render the ordinance valid to show in it the grade, the state legislature, by section 2830 of the Statutes, gave to the board of public works the power to make alterations or modifications in the specifications or plans of a contract when in the opinion of the board it shall become necessary in the prosecution of any work. So this matter of grade is not now a question of unauthorized delegation of power to a ministerial board or person, by the general council. Both boards are created by and get their power from the same source, and, except legislative functions, the state lawmaking power has a right to confer these powers upon either board as it may choose.''

While the facts of these cases are not the same as the facts here, the opinions do not rest upon the facts of the particular case, but rest on the construction of the statute. For in the latter case the question before the court is thus stated in the first paragraph of the opinion: ''We have here the oft recurring question, of the power of the General Council, of the city of Louisville, to compel payment by the abutting property owners for street improvements, as tested by the legality, or validity, of the preliminary proceedings taken by the council directing such improvements, and the issue is squarely made as to whether the General Council must fix the grade upon which a street shall be constructed at the time the work is ordered, or whether this is a matter which can be left to the Board of Public Works, subject to the ratification of the Council.'' 149 Ky. 133, 147 S. W. 893.

The Legislature has acquiesced for many years in this construction of the statute, which seems to the court its necessary meaning; for otherwise the sections relat-

ing to the board of public works would not be given their fair effect. The council must, by ordinance, direct the improvement of any street. This is a legislative matter; but the fixing of the grade of the street is an engineering problem, and in its determination many facts, such as the grade of the connecting streets, must be taken into consideration. The statute clearly meant to leave this engineering problem to the decision of the board of public works. When the board has acted the council must approve its action before it becomes final, but this approval of the action of the board of public works may be by resolution, just as the council approves the action of other administrative bodies or takes action itself in administrative matters. When the council has · approved the grade as fixed by the board and thereafter passes an ordinance for the improvement of the street, the prior action of the council in approving the grade is to be read in connection with the ordinance, although not referred to therein. The council may approve by resolution the action of the board in making the contract, and plainly under the statute it has precisely the same authority to approve the grade fixed by the board, and may exercise it in the same way. By section 2825 the board of public works has exclusive control over the construction and grading of all streets, and as by section 2826 no public way shall be constructed or reconstructed except by ordinance recommended by the board of public works, it necessarily follows that when the board of public works has fixed a grade and this is approved by the council, and the council then regularly passes an ordinance for the construction of the street on the recommendation of the board of public works, the ordinance means that the street is to be constructed on the grade so fixed, otherwise the construction of the street would not be on the recommendation of the board. What is necessarily implied need not be expressed. "The omission of those things which are silently expressed is of no consequence." Warfield v. Gardner, 79 Ky. 586.

The circuit court well stated the case thus: "Here was a public improvement contemplated. The Board of Public Works, which is charged by law with the duty of doing this very thing, caused the city engineer to make a survey of this piece of road which was to be improved, approved the report of the engineer and recommended to the council the adoption of the grade thus proposed. The council received that recommendation and approved it.

534

It then passed an ordinance for the construction of this street. As a matter of reasoning, it is impossible to escape the conclusion that the council, in directing this work to be done, intended to adopt the grade thus fixed."

Hardinsburg v. Mercer, 172 Ky. 661, 189 S. W. 1117, Robertson v. Southern Bitulithic Co., 190 Ky. 314, 227 S. W. 453, Blanton v. Wallins, 218 Ky. 295, 291 S. W. 372, and Ashland v. Steele, 219 Ky. 341, 292 S. W. 1098, involved cities not of the first class and turn on the construction of the statute governing these cities. In Louisville v. Parsons, 150 Ky. 420, 150 S. W. 498, no question of street construction was involved.

Judgment affirmed.