## City of Newport, et al. v. Lang.

(Decided November 14, 1913).

### Appeal from Campbell Circuit Court.

1. Records—Interpretation of Public Records—Pleading.—Where the interpretation of public records are involved and their legal effect to be adjudged, such records should be either set forth at length in the pleadings or copies of them filed.

2. Municipal Corporations—Action to Enjoin Construction of Sewer —Pleading.—Where the charter provides that a city legislative body shall by ordinance or resolution fix and determine what lots are benefitted by a proposed sewer, preliminary to its construction, an allegation in a suit to enjoin the construction of a sewer that no such ordinance has been passed is insufficient.

AUBREY BARBOUR, OTTO WOLFF for appellants.

MATT HEROLD for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellee filed this equitable action seeking to enjoin the City of Newport from executing a contract made by it for the construction of a sewer in a certain district therein, in which appellee was the owner of property, and from issuing or selling bonds to be paid by the levy of a tax on abutting property.

In 1890, and before the adoption of the present Constitution, the Legislature passed an act authorizing the construction of sewers in the City of Newport, and pursuant to that Act the city was divided into five sewer districts, the property of this appellee being in district "D."

Under the provisions of that act a sewer was constructed in said district "D", along the streets where appellee's property lies, and it was held by this court

in the case of Silva v. City of Newport, 31 R., 897, that after the original plans established by the Act of 1890 had been carried out under it in each district that the power of the city under that act was exhausted; so that it would seem to be settled that the city cannot now proceed under the act of 1890 to construct another sewer in district "D".

But, in 1910 the Legislature by an amendment to the charter of cities of the second class, to which the City of Newport belongs, authorized the construction of sewers along or under any of the streets or alleys or highways of the city, and the assessment of the entire cost thereof against the lots or lands in the neighborhood of such sewer which may be benefitted thereby according to the benefits received, and to levy a special tax on such property for the cost of such improvement.

In the Act it is provided:

"In every case the general council shall, *by ordinance or resolution,* fix and determine what lots and lands are benefitted thereby, and fix and determine the amount of tax to be levied upon the several lots or lands so benefitted."

The plaintiffs' petition in this case alleges:

"That on July 28, 1912, the Commissioner of Public Works of said city recommended the construction of a 30 inch sewer in Tenth street, from Patterson to Putman streets in said district "D." That on the same day the Board of Commissioners of said city adopted said recommendation. That on August 26, 1912, the civil engineer of said city reported plans and specifications for the construction of said 30 inch sewer in Tenth street, between Patterson and Putman streets in said sewerage district "D" at the estimated cost of $9,500, and estimated the rate of tax to pay for same at 3 8-10 cents on each $100 worth of property in said district subject to taxation, including that owned by plaintiff, for a period of twenty years to pay for same. That the Board of Commissioners of said city adopted said plans, specifications and estimate on August 26, 1912.

"That on August 26, 1912, said Board of Commissioners adopted a resolution directing the engineer of said city to advertise for proposals for the construction of said sewer in Tenth street, between Patterson and Putman streets, that such proposals were received and that on October 7, 1912, said Board of Commissioners adopted a resolution awarding the contract for the con-

struction of said sewer to John B. McLane & Co., at the bid of $9,292.50 and directed the mayor of said city, the defendant August Helmbold, to enter into a contract on behalf of said city with John B. McLane & Co., for the construction of said sewer at the cost of $9,292.50 to be paid for by revenue raised by taxing solely the property subject to taxation in said district "D," including that owned by plaintiff."

In an amended petition it is alleged by the plaintiff:

"Now comes the plaintiff, Frank X. Lang, and amends his petition herein and says that neither the defendant City of Newport nor its said Board of Commissioners nor any legislative or other body of defendant city ever passed or adopted an ordinance for the construction of said thirty inch sewer in Tenth street between Patterson and Putman streets in said city, nor for the construction of any sewer whatever in said street other than the sewer constructed therein in the year 1894, as set out in his original petition, and that the ordinance of May 19, 1892, is the only ordinance ever adopted or passed providing for the construction of any sewer in Tenth street between Patterson and Putman streets in said city."

The city filed a demurrer to this petition as amended which the court overruled, and the city declining to plead further, judgment was entered granting a perpetual injunction; so that the only question involved is the sufficiency of the plaintiffs' pleadings.

It will be observed that the plaintiff alleges that *no ordinance* for the construction of the sewer was ever passed, but he no where alleges that no resolution to that effect was passed; on the contrary in his original petition he refers to certain *recommendations adopted* by the Board of Commissioners of the city, but has failed to file with his pleadings copies of any of these public records.

Where the interpretation of public records is involved and their legal effect is to be adjudged, good pleading requires either that the records should be set forth at length in the body of the pleading, or that copies of them should be filed; otherwise, the courts will be left to the interpretation of such records which are contained in the conclusions reached by the pleader or his attorney.

Construing appellee's pleading most strongly against him, we cannot say that the Board of Commissioners

*by ordinance or resolution* has not fixed or determined the lands to be benefitted by the proposed sewer, and the amount of the tax to be levied for that purpose. Upon the return of the case appellee will be permitted to amend his pleadings if he so desires.

Judgment reversed for further proceeding consistent herewith.