## City of Newport, et al. v. Lang.

(Decided February 12, 1915.)

### Appeal from Campbell Circuit Court.

Municipal Corporations—Cities of Second Class—Construction of Sewer—Tax—Ordinance Declaring Improvement a Necessity—Acts, 1910, c. 53.—While it is not necessary, under Chapter 53 of the Acts of 1910, for a city of the second class to pass an ordinance or resolution fixing and determining in advance the amount of tax to be levied upon the lots benefited by the pro-

posed construction of a sewer, yet it is necessary that a preliminary resolution or ordinance, declaring the construction of the proposed sewer to be a necessity, and setting out in general terms the property subject to the payment of the cost of the same, shall be passed before any ordinance for the construction of the sewer shall be passed.

OTOTO WOLFF for appellant.

MATT HERALD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Frank X. Lang, brought this action against the city of Newport to enjoin it from entering into a contract for the construction of a sewer. The city's demurrer to the petition was overruled and the injunction granted. On appeal to this court the judgment was reversed. City of Newport v. Lang, 155 Ky., 776. On a return of the case plaintiff amended his petition. The city again interposed a demurrer, which was overruled. From a judgment enjoining the execution of the contract the city again appeals.

By Section 3105 of the Kentucky Statutes, as amended by an Act approved March 22, 1910, Acts 1910, c. 53, p. 181, the general council of cities of the second class is given the power to construct sewers. The section contains the following provision:

"In every case the general council shall, by ordinance or resolution, fix and determine what lots and lands are benefited thereby, and fix and determine the amount of tax to be levied upon the several lots or lands so benefited. * * * No ordinance for the construction of a sewer at the cost of the abutting or benefited property-owners shall be passed until a resolution declaring such construction a necessity and setting out in general terms the property subject to the payment of the cost of same, shall have passed by a two-thirds vote of the members-elect of each board of general council, and its determination as to the necessity of any such sewer shall be final."

The city of Newport has adopted the commission form of government, and the powers granted the general council are now exercised by the board of commissioners. The various proceedings leading up to the execution of the contract for the sewer were passed by that board.

While plaintiff, in his original petition, alleged that no ordinance was passed determining what lots and lands were benefited by the proposed sewer, he did not allege that no resolution was passed, nor did he set out the various steps taken by the commissioners. In view of this fact, his petition was held insufficient. On the return of the case, all the ordinances and resolutions in reference to the proposed sewer were set out. In addition to this fact plaintiff alleged that no ordinance or resolution fixing and determining what lots and lands were benefited by the proposed sewer, and fixing and determining the amount of tax to be levied upon the several lots so benefited, was passed by the board of commissioners. While it is doubtless true that it is not necessary to pass an ordinance or resolution fixing and determining in advance the amount of tax to be levied upon the lots benefited, but this can be done after the work has been completed and the amount of the tax to be levied upon the benefited lands may be accurately ascertained; yet it is necessary that a preliminary resolution or ordinance declaring the construction of the proposed sewer to be a necessity, and setting out in general terms the property subject to the payment of the cost of the same, shall be passed before any ordinance for the construction of the sewer shall be passed. All the steps taken by the commissioners are now before us, and it does not appear that any resolution or ordinance declaring the construction of the proposed sewer to be a necessity, and setting out in general terms the property subject to the payment of the cost of the same, was ever passed. It follows that the city's demurrer to the petition as amended was properly overruled, and that the judgment enjoining the execution of the contract was proper.

Judgment affirmed.