## City of Newport, et al. v. Klatch, et al.

(Decided October 15, 1920.)

## Appeal from Campbell Circuit Court.

1.  Municipal Corporations—Construction of Sewers.—Under the provisions of section 3105 of the Kentucky Statutes it is necessary that the legislative body of a city of the second class should first pass a preliminary resolution or ordinance declaring the construction of a proposed sewer to be a necessity and setting out in general terms the property subject to the payment of cost of same before the passage of any ordinance authorizing the construction of the sewer; and subsection 14 of section 3225c, enacted in 1910, did not repeal or dispense with such necessity.

2.  Municipal Corporations—Ordinances—Construction.—Whether it is essential in such preliminary ordinance or resolution that the word "necessity" should be used is not determined, but it is held that language should be employed sufficient to indicate and to declare such necessity. The description of or reference to the property subject to the payment of the cost of the construction in such preliminary ordinance should be such as to inform the owner from the face of the ordinance that his property was included and it is not sufficient to only refer to the property as "benefited property."

3.  Statutes—Repeal.—Repeals by implication are not favored and they will not be upheld unless it was the clear intention of the legislature that the later act should repeal the former one.

4.  Municipal Corporations—Statute Authorizing Taxes Should be Complied With.—Authority for the imposition and collection of taxes should clearly appear and the statute conferring the power to levy and collect them should be substantially followed in all of its requirements.

WM. C. BUTEN and BRENT SPENCE for appellants.

BARBOUR & BASSMAN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is an appeal from a judgment of the Campbell circuit court cancelling a warrant for the assessment of one dollar per front foot against property of plaintiffs, who are appellees here, and which had been issued by the board of commissioners of the city of Newport as the apportionment due against their property, which the city claims was benefited by the construction of a sewer in Columbia, Sixth and Seventh streets in the city. The construction of the sewer was ordered and provided for by an ordinance introduced on the 20th day of August,

1918, and passed by a unanimous vote of the board of commissioners for the city on September 4, 1918. The judgment also permanently enjoined the board of commissioners "from placing said assessment upon the tax duplicate and tax bills against said property" and the defendant and appellant, Kelleher, who was the contractor, and the city, were each permanently enjoined "from enforcing said lien and said ordinance of September 4, 1918, is hereby declared to be void and of no effect so far as plaintiffs' property is concerned." The ground upon which the petition sought the cancellation of the warrant and the injunction, and the one upon which the court based its judgment was that the board of commissioners of the city, in providing for the construction of the sewers, failed to follow the direction in, or to take the necessary steps provided by, charters of cities of the second class so as to authorize the assessment against plaintiffs' property or to create a lien upon it for the payment of any portion of the cost of the construction. The authority of the city to construct sewers at the cost of the property owner is given by section 3105 of the Kentucky Statutes, which is a part of charters of cities of the second class, and when its provisions are followed and all subsequent proceedings are legal, assessments may be made as provided in the section against abutting property and property which does not abut on the street in which the sewer is constructed, *but which is benefited* by the construction, the assessments to be made "according to the benefits received." If, however, the cost of the sewer does not exceed the sum of one dollar per foot of the property abutting on the street, the ordinance provides that the entire cost of the construction shall be borne by said abutting property. It is further provided in the section that:

"No ordinance for the construction of a sewer at the cost of the abutting or benefited property owners shall be passed until a resolution declaring such construction a necessity and setting out in general terms the property subject to the payment of the cost of same, shall have passed by a two-thirds vote of the members elect of each board of general council, and its determination as to the necessity of any such sewer shall be final."

It is contended by plaintiffs that no preliminary ordinance or resolution looking to the construction of the sewer, as provided in the quotation was ever passed by the board of commissioners of the city before the passage of the ordinance of September 4, 1918, authorizing the

construction, while the city denies this and further contends that subsection 14 of section 3235c of the statutes, being a part of the amendment of charters of cities of the second class, providing for the commission form of government, repealed by implication that portion of section 3105, quoted above, and that the ordinance of September 4, 1918, was passed pursuant to the requirements of subsection 14, referred to, thus rendering the assessment against plaintiffs' property (which does not abut the street in which the sewer is constructed) legal and valid and that the court erred in adjudging it void and enjoining its collection.

First disposing of the issue as to whether a preliminary ordinance or resolution, such as required by section 3105, was ever passed by the board, the record discloses that it on the 14th day of June, 1918, duly adopted this resolution:

"Be it resolved by the board of commissioners of the city of Newport, Kentucky, that a sewer and appurtenances be constructed in Columbia street, Front street to Seventy street, Sixth street, Columbia to Monmouth streets; Seventh street, York to Columbia streets, in the city of Newport, Kentucky, and that the city engineer be and he is hereby directed to prepare plans and specifications for same, with an estimate of the cost, together with an estimate of the rate per foot to be assessed against the abutting property owners or property benefited."

Pursuant to that resolution the engineer made his report of the plans, specification and estimate of cost to the commissioners on the 9th day of July, 1918, but nothing seems to have been done after that time until August 20, 1918, when the ordinance, passed on September 4, providing for the construction of the sewers, was introduced.

This court in the case of Mulligan v. McGregor, 165 Ky. 222, had before it the question whether the requirements in section 3105 of the statutes for the passage of a preliminary ordinance or resolution declaring the construction of the contemplated sewer a necessity, and giving a description in general terms of the property assessed for its payment, were mandatory or directory. It was held that the provisions were mandatory, that the legislative purpose in requiring them was to give the property owner notice of the intention of the city to make the improvement and to assess his property therefor, so that he might take whatever

action he saw proper either in court or out of it to protect his rights if they were about to be encroached upon. The final conclusion of the court upon the question, which was the same as the one here involved, is thus briefly stated:

"That this provision in the statute is a material as well as an important one can scarcely be questioned, and to carry out what we conceive to be the purpose of the law, we think this feature of the statute should be treated as mandatory; or, in other words, as a jurisdictional declaration indispensable to the validity of any construction plan. Pennsylvania R. Co. v. Cole, 132 Fed. 668."

In that case the preliminary resolution properly declared the necessity for the construction of the sewer, but it did not, as held by the court, contain a sufficient description of the property of plaintiffs therein, which was sought to be subjected to the payment of cost of construction. In the preliminary resolution in this case there is nothing contained to indicate that the board of commissioners deemed the construction of the sewer a necessity. The only evidence of that fact, if it is any, is an inference to be drawn from the mere passage of the resolution. Whether it is essential that there should be an express declaration of the necessity for the construction of the sewer in the preliminary ordinance or resolution we need not determine, since we are quite thoroughly convinced that it *is* essential that such ordinance or resolution should contain language sufficient to indicate that the construction of the sewer was a necessity, or that the board thought so, and that such necessity can not be inferred from the mere enactment of the ordinance or the passage of the resolution.

Neither did the resolution in this case contain any description of or set "out in general terms the property subject to the payment of the cost" which did not abut upon the street and which was only "benefited property" by the construction of the sewer to which class the property of plaintiffs belongs. It is true the resolution provided for an assessment against abutting property, "or property benefited," but just what property would come within the latter designation the resolution is entirely silent. It was never contemplated by the legislature to sanction such loose and indefinite descriptions of the property to be assessed and to cast upon the property owner the necessity of instituting an independent inquiry to ascertain whether his particular property was to be included as "benefited property" and that the city

contemplated assessing it to defray the expenses of the construction. As stated in the Mulligan case:

"The property owner has a right to look for information to the resolution and is not required to examine other papers or records or make independent inquiry to ascertain whether his property will be affected. Street improvement and sewer construction at the expense of the owners of abutting property is not a common law right, but the creation of the statute, and when the statute plainly declares what steps shall be taken, the course of the statute must be substantially pursued."

It is therefore manifest that the preliminary resolution of the board of commissioners in this case is not sufficient to meet the requirements of section 3105, *supra,* and that such requirements, being jurisdictional in their nature, the board of commissioners was without authority to pass the ordinance of September 4, 1918, for the construction of the sewer and that the warrant against plaintiffs' property, issued for part of the cost thereof, were each void unless counsel for the city be correct in his second contention, i. e., that subsection 14 of section 3235c, *supra* (passed in 1910), repealed by implication and superseded the requirements of section 3105. In support of this contention it is argued that the Mulligan case had under consideration the construction of a sewer ordered before the passage of the act of 1910, providing for a commission form of government in cities of the second class and that that act provided for a new system of city government largely inconsistent with the one which it superseded and that the requirements of subsection 14, *supra,* as to the passage of ordinances for the construction of sewers are sufficient to give the property owners notice and to supply the necessity of the preliminary ordinance or resolution required by section 3105. But we find ourselves unable to agree with this contention for two very satisfactory and conclusive reasons. The first one is that subsection 2 of section 3235c (being the act of 1910 providing for the commission form of government) says: "All laws applicable to and governing cities of the second class and not inconsistent with the provisions of this act shall continue to apply to and govern each city that may organize under this act." There is no inconsistency between the provisions of section 3105 and those of subsection 14 of section 3235c. If the laying over for one week after the introduction of the ordinance for the construction of the sewer before its adoption, and the ten days provided for its going into effect after its pas-

sage, required in subsection 14, were each enacted solely for the benefit of the property owner, there is nothing to indicate that the legislature did not intend those requirements as imposing additional precautions to those already provided for his protection. To say the least of it there is no inconsistency between the respective provisions, and the universal rule is that repeals by implication are not favored. Such repeals are never upheld unless the subsequent act is necessarily inconsistent with the older one and it manifestly appears that it was the intention of the legislature that the one should repeal the other. The second reason for our disagreement with counsel is that this court in the case of City of Newport v. Lang, 155 Ky. 776, and same case in 162 Ky. 752, held otherwise. It is true that in that case the board of commissioners of the city of Newport had not attempted to pass any preliminary ordinance or resolution, but that fact can not alter the legal principle, since we have determined that the attempted preliminary resolution in this case was so defective as to be wholly invalid and renders the situation the same as if it had not been passed. The commission form of government, as provided by the act of 1910, had been adopted by the city of Newport and subsection 14 of section 3235c was at that time a part of the charter of the city and was in full force and effect. Notwithstanding that fact the court held that the rqeuirements of section 3105 should be observed and in doing so, in the opinion in 162 Ky., said:

"While it is doubtless true that it is not necessary to pass an ordinance or resolution fixing and determining in advance the amount of tax to be levied upon the lots benefited, but this can be done after the work has been completed and the amount of the tax to be levied upon the benefited lands may be accurately ascertained; yet it is necessary that a preliminary resolution or ordinance declaring the construction of the proposed sewer to be a necessity, and setting out in general terms the property subject to the payment of the cost of the same, shall be passed before any ordinance for the construction of the sewer shall be passed."

The disposition of the instant case must be governed by the doctrine of that opinion unless we should conclude that it was unsound, which we do not do.

It is a trite saying that "The power to tax is the power to destroy," and it must be conceded that the tendency of the times lends credence to the truth of that

saying. It is therefore necessary for the protection of the citizen that the authority for the assessment and collection of taxes should clearly appear and that all essential requisites for conferring that authority should be at least substantially observed. In this case there is an entire failure to observe what we conclude is a wholesome requirement and what this court has decided to be jurisdictional. This being true the court properly held the warrant against plaintiffs' property void and properly enjoined defendants from taking any steps looking to its collection, and the judgment is affirmed.