**Harry PRATHER et al., Appellants,**

**v.**

**FULTON COUNTY, Kentucky, by etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 10, 1960.

James H. Warren, Fulton, for appellants.

James Amberg, Hickman, County Atty., T. S. Waller, Paducah, Wm. B. Byrd, Paducah, Waller, Threlkeld, Whitlow & Byrd, Paducah, for appellees.

PALMORE, Judge.

The appellants own various parcels of land that the appellee Fulton County proposes to acquire in connection with the improvement of a county road. Following a resolution by the fiscal court directing the county attorney to institute condemnation proceedings they filed a complaint in circuit court pursuant to KRS 178.115 attacking the validity of the fiscal court's actions. They appeal from a judgment dismissing the complaint.

The controversy centers on the sufficiency of the resolution and the posting of notice as required by KRS 178.115(1). There is no question as to whether the project is in fact a public necessity or as to whether the notice was in fact posted. The criticisms are purely technical and, in brief, are as follows:

(1) The resolution did not set forth that there was a necessity for the improvement;

(2) The plans and specifications referred to in the resolution had not been approved theretofore by the fiscal court and had not

been filed in the office of the county clerk; and

(3) The resolution was posted by one of the magistrates, not the county road engineer or (since the county had no such officer) the county road supervisor, who by KRS 179.020(2) has the same duties if the fiscal court does not provide for a county road engineer.

It is contended also that negotiations with the landowners prior to the adoption of the resolution, not being officially authorized of record, were of no effect and thus no attempt was made by the county to contract with the owners, as required by KRS 178.120 precedent to condemnation.

KRS 178.115 provides that if the fiscal court "deems it to be in the best interest of such county to open, establish or alter the location of any public road * * * said fiscal court shall adopt a resolution setting forth the necessity for such public road * * * and thereupon such public road * * * shall be deemed opened, established or altered, as the case may be," etc. Publication includes a requirement that a certified copy of the resolution be posted "by the county road engineer of the county along or at the proposed road or structure within five days after its adoption."

KRS 178.120 authorizes condemnation under the procedure set forth in KRS 416.110 whenever the fiscal court "deems it to be in the best interest of the county to open, establish, construct, alter or repair any public road * * * of the county and the fiscal court is unable to contract with the owner" for its purchase or to acquire it by gift.

KRS 416.110 requires that when land is to be condemned pursuant to KRS 178.120 the fiscal court shall by resolution "set forth the facts contemplated by KRS 178.120, give a general description of the land, and the name of the owner, if known, and shall direct the county attorney to institute the proceedings."

Excluding the property descriptions, the resolution of the fiscal court, adopted September 17, 1957, reads as follows:

"Whereas, the Fiscal Court deems it to be in the best interest of Fulton County, Kentucky, to open, establish, improve, or alter the location of the Shucks Switch Road (or that part of the county road extending from Kentucky State Highway #94 near Pete Roper's Store south approximately 1.8 miles thence west approximately 4.116 miles to Kentucky State Highway #125), and,

"Whereas, the Fiscal Court finds that the said road should be improved for the benefit of the traveling public, and whereas, the Fiscal Court has been unable to contract with the owners of certain lands necessary for its use for the road and whereas, the Fiscal Court desires to acquire certain property for road purposes and the said land owners and the portions of land desired to be acquired are as follows:

* * * (tract descriptions) * * *

"Whereas, it appearing that the County has been unable to purchase same or acquired same by gift and that it is necessary that the said land be condemned.

"Wherefore Be It Resolved and it is now the order of this court that the said land be condemned and the said road is now deemed opened, established, altered and same be improved as the case may be on behalf of the County and the County Attorney is directed to institute condemnation proceedings under and pursuant to KRS 416.110 or KRS 416.115 and under the statutes cited therein.

"A map, plan and specifications for the said road are filed in the Fulton

County Court and same are referred to herein and made a part thereof and that land sought to be condemned is referred to herein and same is made an exhibit to this resolution."

It will be noted that the resolution did not in so many words set forth a "necessity" for the improvement, but only that it was deemed "to be in the best interest" of the county and that the road "should be improved for the benefit of the traveling public." The county contends that the resolution complies (which it does) with KRS 178.120 and KRS 416.110, the statutes authorizing condemnation, and that KRS 178.-115 applies only to the "initial opening or establishing or altering of the location of a road" and is not involved in this case.

■ Though the general course of a road may not be changed, to the extent that additional right-of-way is acquired its location is altered. Therefore, KRS 178.115 applies, and the fiscal court must declare a public necessity. In municipal street improvement cases involving assessment of the cost against abutting property owners such a declaration is jurisdictional. City of Newport v. Klatch, 1920, 189 Ky. 300, 224 S.W. 844. The taking of private property by eminent domain being equally serious, there is equal reason to regard it as jurisdictional in this case. However, it is unnecessary to decide the point, as we are of the opinion that the fiscal court's recitation that the project was "in the best interest" of the county was sufficient. Though a public necessity cannot be inferred from the mere passage of a resolution indicating a purpose to proceed with the project (City of Newport v. Klatch, supra), we do not regard it as vital that the words "necessary" or "necessity" be used. The real basis for the requirement of such a resolution is to give the property owners advance notice in order that they may protest or take such other action as may be proper. City of Newport v. Klatch, supra; Mulligan v. McGregor, 1915, 165 Ky. 222,

176 S.W. 1129; City of Rolla, to Use of Schulz v. Studley, Mo.App.1938, 120 S.W. 2d 185; McQuillin, Municipal Corporations (3d ed.) Vol. 13, § 37.66. The accomplishment of this purpose does not require an exact choice of words. It was a substantial compliance to say that the improvement was "in the best interest" of the county.

It is of no consequence that the recitation of necessity and descriptions of the property appeared in the preamble rather than the body of the resolution. By adopting the resolution as a whole the fiscal court in effect made such prefatory determinations, including the finding of public necessity, as were recited in its preamble, and the mention in the body of the resolution of "said" lands and "said" road was sufficient to incorporate by reference the descriptions set forth in the preamble. Again bearing in mind that the fundamental purpose of the resolution was to provide notice to parties affected, it would make very little sense to say that certain of the information therein was of no effect because it appeared in the preamble.

■ The plans and specifications for the project had been prepared by the Department of Highways of the Commonwealth and were in the possession of the county judge at the time the resolution was adopted. Though approved by the necessary implication of the resolution itself, they had not been theretofore approved or made a part of the public records of the county. However, the statute in question (KRS 178.-115) makes no such requirement. The property affected was sufficiently identified in the resolution to accomplish its purpose, which was not defeated by the clerical omission to attach and file the plans with the resolution. Moreover, there was no showing that these documents were not at all times readily accessible to the appellants for examination, and we do not conceive that the failure to lodge them in the clerk's office with the other records of the pro-

ceeding was or could have been a prejudicial circumstance.

■ The posting of certified copies of the resolution is made mandatory by KRS 178.-115. The posting on the road itself is required to be done by the county road engineer, probably in order to insure that there will be no mistake in location. We regard the latter requirement as directory. The law requires the posting, and if that is duly accomplished no useful purpose would be served by invalidating it on the ground that the wrong person did it.

■■ KRS 178.120 expressly conditions the right to condemn on the county's inability to acquire the land by gift or purchase. Although there was no authorizing action of record prior to the adoption of the resolution on September 17, 1957, "efforts to obtain the deeds and offers were made" by two of the magistrates as agents of the fiscal court. Their actions were unofficial at the time but subject, of course, to ratification by the fiscal court, which ratification is to be inferred from the recitation in the resolution to the effect that the county had been unable to obtain the land by purchase or gift. It is better procedure to authorize the negotiations by official action in advance, in order that the landowners may have assurance of their legitimacy, but we think that the official position of the two members of the fiscal court was a sufficient indicia of legitimacy to obviate any serious question in this respect. Moreover, it is to be noted that this action is not itself the condemnation proceeding authorized by KRS 178.120. It is an appeal under KRS 178.115, which has to do only with the establishment of the public project. Though the fiscal court used a single resolution to accomplish the separate purposes of KRS 178.115 and KRS 178.120, questions involving the requirements of KRS 178.120 cannot be raised in this proceeding. Questions as to the choice of condemnation procedures (KRS 416.110 or KRS 416.115) allowed by the resolution likewise address themselves to the condemnation proceeding.

The judgment is affirmed.