## Bridges Son, For Use v. Kelly.

(Decided November 25, 1913).

### Appeal from McCracken Circuit Court.

1. Municipal Corporations—Ordinances—Mayor Has No Power to Convene One Board in Special Session.—Under Sec. 3110 of the Kentucky Statutes, the mayor may convene the general council for a second class city in special session but he has no power to convene one of the boards in special session, and an ordinance passed by one board called in special session by the mayor is void, although it was adopted in the regular way by the other board.

2. Municipal Corporations—Errors in Proceedings that may be Corrected by the Court.—Under Sec. 3100 of the statutes an error in the proceedings of the council will not exempt the party charged therewith from the payment of the amount due for work that has been done under an ordinance, as the general council or the court may make such corrections as are necessary to do justice between the parties but this principle has no application when the ordinance under which the relief was sought was not erroneous but void.

J. D. MOCQUOT for appellants.

L. B. ALEXANDER and CAMPBELL & CAMPBELL for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The single question in this case is the validity of an ordinance of the city of Paducah. The city council is composed of two boards, a board of aldermen and a board of councilmen. The ordinance in question was passed by the board of aldermen and then passed by the board of councilmen at a specal meeting of this last mentioned board, called by the mayor of the city.

In calling special sessions of the council the powers of the mayor are limited and defined by section 3110 of the Kentucky Statutes, reading: "He shall, from time to time, give to the general council information in regard to the affairs of the city, and recommend to their consideration such measures as he may deem expedient; he may, for special reasons, convene the general council at any time."

In this case the mayor did not convene the general council in special session. He only convened one branch of it, to-wit: the board of councilmen. Under the authority of Glazier v. City of Newport, 132 Ky., 181, the mayor had no authority to convene one of the boards in special session, and so the meeting of the board of councilmen in special session thus convened was without authority, and its action in passing the ordinance here in question was a nullity. As the ordinance was not enacted in the manner provided by law, it conferred no authority to do the things it was provided might be done under the ordinance.

It is suggested that under section 3100 of the statutes, as construed by this court in Richardson v. Mehler, 111 Ky., 408, no error in the proceedings of the council shall exempt the party charged therewith from the payment of the amount due for work that has been done under an ordinance, as the general council or the court in which the suit is pending may make such corrections as are nec-. essary to do justice between the parties concerned. But this principle has no application because the ordinance under which appellant is seeking to recover was not erroneous but void.

If the council is now authorized to enact a valid ordinance to protect the rights of appellant, we take it for granted it will cheerfully do so, but as the matter now stands we are unable to afford appellant any relief.

The judgment dismissing the petition of the appellant, who was plaintiff below, must be affirmed.