## Preston Land Company v. Town of Paintsville.

### Same v. Same.

(Decided November 11, 1921.)

## Appeals from Johnson Circuit Court.

1. Municipal Corporations—Use of Strip of Land as Street.—A strip of land acquired by a county from a life tenant and one of several heirs, and which had been used continuously for a period of twenty odd years as a public road, and later as a street of the city, and where the remaining heirs have been compensated for their interest in said property and are not complaining of a judgment in their favor, a grantee from all the heirs who took the property with full knowledge of such public use is without remedy to compel the city to cease using it as a public street, nor is said grantee entitled to compensation for its use, especially so where the present owner, a land company, has subdivided the property and on a plat thereof refers to and treats said street as one of the public ways of a subdivision of said city.

2. Municipal Corporations—Sewers—Notice.—A city of the sixth class, duly and properly advertised for bids to be received for the installation of a sewer and the paving with brick of one of its streets, bids to be received on or before a specified date. No bids were received on the day mentioned and by order of the town trustees time for receiving bids was extended ten days. There was no advertisement of the extension, nor any publicity thereof given to contemplated bidders, other than through the means of telegrams and letters; Held, the latter did not constitute a sufficient compliance with the statute or ordinance as to advertising, and that the advertisement for bids receivable on the first mentioned day cannot be construed as a notice to prospective bidders that bids would be received up to and including the extended date.

VAUGHAN & HOWES for appellant.

J. K. WELLS and GEO. B. MARTIN for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming on the first appeal and reversing on the second appeal.

By agreement these appeals are heard together. The first suit was instituted by the Preston Land Company, Cy M. Preston and Fanny Preston v. Town of Paintsville, and in which it was alleged that plaintiffs were the joint owners of a tract of land in Johnson county. The property was owned by Frank Preston, and after his death in 1890 the particular strip of land here involved was assigned to the widow, Emily E. Preston, as dower. The

land company acquired title to the land from the Preston heirs by deeds executed in 1913 and 1914. This property was, by proper ordinance, annexed to the town of Paintsville in 1914.

In 1893 the widow and Cy M. Preston, the oldest of the Preston children, and administrator of his father's estate, gave their consent to the use by the county of a strip thirty feet in width across the property, and this was converted into a public road and used as such from 1893 to 1914, when it was annexed to the town of Paintsville, after which date and continuing up to the present time, it has been known as Euclid avenue, and constituted the principal hauling thoroughfare in said town, directly connecting the depot with the town proper.

From 1893 to 1914 the roadway was worked and improved to the same extent and in like manner as other public roads of the county.

In 1906, the widow and Cy M. Preston consenting thereto, an additional width of five feet was added to each side of the road, thus making a way forty feet wide through the Preston lands. When the road was first opened in 1893 it was fenced on each side at the county's expense and when the additional ten feet were acquired in 1906 the fences were moved back to conform to the increased width of the road.

Emily E. Preston, her assigns and vendees, were entitled to the use and control of the strip of land during her lifetime, but any such right in and to same ceased upon her death in May, 1911. In the petition it was alleged that upon the termination of the life estate plaintiffs, and their predecessors in title, were entitled to the possession of and right of entry in and to said land and the town's claim of title to said property constituted a cloud upon plaintiff's title and impaired the vendible value of their property. They sought to have their alleged title quieted and asked that they be adjudged the owners of the land and that defendant be enjoined from using same for street or any purposes, or from any interference with plaintiffs' rights in and to same. By an amended petition it was asked that in the event the court did not decree plaintiffs entitled to the land that they be awarded damages, equal to its fair market value, which was alleged to be $2,500.00.

After denying the allegations of the petition, the answer affirmatively pleaded that all the statutory provisions were followed in the opening of said highway and

that all persons having any interest in the land had due notice of such proceedings. It was also alleged that the additional ten feet were acquired by condemnation proceedings duly and properly instituted in the county court; also that since 1893 the road had been used as such with the full knowledge of plaintiffs and their predecessors in title, and with this knowledge on their part various improvements had been made, including the macadamization of the roadway, all of which was pleaded as an estoppel to the claims now set up by plaintiffs. By proper petition the remaining heirs of Frank and Emily E. Preston (hereinafter referred to as petitioners) were made parties to the action. In this pleading it was alleged that the land company had acquired the right, title and interest in the property belonging to all the Preston heirs, with the exception of the share of Fanny Preston (later acquired by the land company) and it was asked that in the event the court was of opinion the title and interest of the heirs did not pass to the land company in the deeds to it, and the company was not entitled to recover the property, that the petitioners be adjudged entitled to the land and judgment be entered in their favor; the allegations of the petition and the amended petition were adopted as their own.

On final submission the petition of the land company and Cy M. Preston was dismissed and the petitioners were awarded damages against the town of Paintsville in the sum of $500.00. We will refer to this as the road suit.

The second suit was instituted by the town of Paintsville against the Preston Land Company, seeking to recover the amount apportioned against it growing out of the installation of a sewerage system in Euclid avenue, and for the construction of a vitrified brick pavement twenty-four feet in width in said avenue. The company denied its liability for any part of the cost of these improvements, alleged the work was not advertised as required by law; that the contracts for the work were entered into as private contracts; the contract price was in excess of the real value of the work; the workmanship was inferior; and Euclid avenue was not a public street of the town of Paintsville.

A rejoinder set up substantially the same facts pleaded in the first suit as to the source of the town's title to the property and alleged that the permissive use of the roadway ceased upon the institution of the first suit . It was

further alleged that the land company had notified the town trustees of their claim to Euclid avenue, prior to the time it was annexed to the town and that the ordinances directing the work to be done were not properly signed or enacted according to law.   Judgment was awarded for the amounts assessed against the land company.   We will refer to this as the improvement suit.

The land company only has appealed from both judgments.   The town is asking an affirmance in each case.

We will consider first the appeal in the road case.   It is stipulated there were no court proceedings against any of the petitioners when it was sought to widen the road. The applicable order of the county court of March 6, 1893, having to do with the original establishment of the road, directed summons to issue against the land proprietors named in the viewers' report and Emily E. is the only Preston named therein.   None of the other heirs was a party.   Cy M. Preston consented to the opening and use of the road and after a silence and implied acquiescence of twenty odd years, will not be heard to protest against the continued use thereof for road or street purposes.

The petitioners have been compensated for their interest in the land and their satisfaction with the judgment is shown by their failure to appeal.

The state of the record renders unnecessary a discussion of the question of whether a reversioner or remainderman may during the continuance of the life estate maintain an action for an injury to the inheritance by a stranger or by the tenant in possession, or whether the action was barred by limitation.   The statute, however, is not pleaded.

Petitioners are not complaining of the judgment; the land company is the only appellant.   The land company is in no better position than Cy M. Preston. It purchased the property in 1913 and 1914, at a time when the land was being used as a public highway and had been so used and improved for a period of twenty years, a fact well known to the company.   Indeed, when it had its land surveyed and divided into small lots or parcels for the purpose of sale, Euclid avenue was designated and recognized as a street and certain of the lots were shown by a plat of the property to border on said street.

It was alleged that before the property was annexed the town was notified of the claim of the Preston heirs.

This is denied, but conceding it to be true it could not affect the situation since the notification, if given, was but a short time prior to the institution of the first suit, which, however, was not filed until after the passage of the ordinances for the building of the sewer and the paving of the street.

The record considered we are satisfied appellants have not shown themselves entitled to be declared the owners of or entitled to the possession of the property now known as Euclid avenue, and the lower court properly refused to enjoin the town from the continued use of said street as one of the public ways of the city. See in this connection Carrollton Telephone Exchange Co. v. Spicer, 177 Ky. 340, 197 S. W. 827.

The improvement suit. Under the provisions of the improvement ordinances bids were to be advertised for and the contract let on August 1, 1914. With the exception of the contention that the ordinances were not properly signed there is no claim that all the statutory requirements were not followed up to August 1, 1914. At a regular meeting of the board of trustees held August 1, 1914, it was reported that no bids had been received for the brick paving, nor for the construction of the sewers, and the time for receiving bids was extended to August 10, 1914. Other than the sending of telegrams and the writing of letters by the city attorney and city engineer nothing was done by the town authorities between August 1st and 10th to advertise for bids for the contemplated improvements. There was no publication in the local paper, "The Paintsville Herald," during this period, and no publicity given the fact that there had been an extension of time for the reception of bids for the work aforesaid.

Paintsville is a city of the sixth class. A part of the charter of such cities, to-wit, Ky. Stats., sec. 4706, relating to the improvement of streets, sidewalks, sewers and public places, provides that the ordering of such improvements shall be by ordinance of the board of trustees, and the contract therefor shall be awarded to the lowest and best bidder after proper advertisement for bids.

In section 9 of the ordinances authorizing the brick paving and the installation of the sewer, provision is made for the appointment of a committee to advertise for bids in accordance with the plans and specifications adopted by the board, said advertisement to be for at

least two weeks in the Paintsville Herald. The requirements of these ordinances were followed in the original advertisement for bids, but there was no such advertisement subsequent to August 1st. The original advertisement was a notice to those who might be interested in submitting bids that they could do so until August 1, 1914, but there was no notice other than the telegrams and letters that the time would be or had been extended to August 10, and hence no other means by which contractors or prospective bidders were advised of the extension.

While the manner in which work of this kind is to be advertised is left largely to the discretion of the town trustees it would not do to say that the statutes and ordinances had been complied with through the instrumentality of telegrams and letters sent out to a few contractors. The trustees fully appreciated the necessity of due publicity in providing for the publication of the lettings in the Herald, but the notices in the newspaper for bids receivable on or before August 1st were non-effective after that date and can by no sort of reasoning be held notice to any intended bidder that the time had been extended ten days. The statutory requirements were not complied with.

Prior to 1914 Euclid avenue was at times an impassable street, especially during the winter and rainy seasons, and being the main thoroughfare between the depot and the business and residential sections of the town this condition appealed to the civic pride of certain of the residents who, with commendable generosity, sought to have the sewer installed and the street improved. Fearful that no bids would be received for the work some of these citizens entered into a writing guaranteeing the payment of the bonds for said improvements, and also persuaded a local man to submit a bid, and this he did on August 10th, having been previously assured that he would receive the necessary financial backing to complete the work.

Even though part of the work shows material defects in construction it is regrettable that those benefited by the improvement cannot be compelled to share the burden in equal amounts, apportioned according to their respective property interests. However, it will not do to permit too great a laxity in the proceedings of municipal boards in the management of their affairs. The courts have been rather liberal in upholding bond issues and the

like where the requirements of the statutes as to advertising were not strictly followed, but we find in all these cases that there had been a substantial compliance with the statute or ordinance. In the present case there was no pretense at such compliance, indeed, there was no advertisement covering the extension period between August 1st and August 10th.

Wherefore, the judgment in the road case is affirmed and the judgment in the improvement suit is reversed with instructions to dismiss the petition.