## Wait v. Southern Oil and Tar Company.

(Decided June 19, 1925.)

### Appeal from Pulaski Circuit Court.

1. Municipal Corporations—Ordinance and Contract for Improvements Should be Ordered Filed with Petition to Enforce Lien.— In suit to enforce lien for street improvements, ordinance ordering improvement, referred to in petition as an exhibit, and contract under which work was done, though not referred to in petition, but which was an essential part of proceedings, should have been ordered filed with petition as exhibits on defendant's motion.

2. Municipal Corporations—Answer in Suit to Enforce Lien for Improvements Held Insufficient.—In suit to enforce lien for street improvements, denials of answer that certain things alleged in petition were duly done were insufficient.

3. Municipal Corporation—Burden on Defendant to Allege Facts Rendering Officer's Determination in Connection with Improvements Invalid.—In suit to enforce lien for street improvements, if determination of officer was not duly made, burden was on defendant to allege facts rendering his determination invalid.

4. Statutes—Generally Statutory Provisions Directing Procedure by Public Officer are Directory.—Generally statutory provisions directing mode of procedure by public officers are directory, unless a disregard thereof injuriously affects rights of parties, in which event they are mandatory.

5. Municipal Corporations—Statute Regarded as Directory, where Ordinance Authorizing Street Improvements is Passed by Two-Thirds Vote of Council.—Kentucky Statutes, section 3570, relating to procedure by city council for street improvements, should be regarded as directory where ordinance authorizing such improvements is passed by a two-thirds vote of council; departure from statute then being regarded as a mere error in proceedings of council, within section 3574.

6. Municipal Corporations—No Lien for Improvements Created, where City Council Did Not Comply with Statute.—No lien for street improvements was created on property, where city council adopted no resolution before passage of ordinance directing improvements, and resolution was not published as required by

Kentucky Statutes, section 3570, unless ordinance was passed by a two-thirds vote of council.

7. Municipal Corporations—Contract for Improvements Held Invalid, where Let Without Competitive Bidding.—Contract for street improvements held invalid, in view of Kentucky Statutes, section 3571, where it was let without advertisement or competitive bidding.

8. Municipal Corporations—Valid Ordinance and Contract Essential to Jurisdiction of Council to Charge Property Owner with Improvement.—A valid ordinance directing improvement, and a valid contract made on competitive bidding, are necessary to jurisdiction of council to charge property owner with street improvement.

9. Municipal Corporations—Errors of City Council, after Acquiring Jurisdiction of Proceedings for Proposed Street Improvements, will Not Invalidate Proceedings.—Errors of city council, after it has acquired jurisdiction of proceedings for proposed street improvements will not invalidate proceedings, in view of Kentucky Statutes, section 3574.

WILLIAM M. CATRON and W. B. MORROW for appellant.

J. R. COOK and C. L. TARTAR for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

The Southern Oil & Tar Company brought this action against M. F. Wait to enforce a lien upon his property in Somerset, under an ordinance ordering the improvement of South Main street with tarvia. The exhibits referred to in the petition were not filed therewith. The defendant moved the court to require the plaintiff to file the exhibits and to make the petition more definite by filing therewith the ordinances and resolutions passed by the council and a copy of the contract under which the work was done. The court overruled the motion; the defendant filed answer; the plaintiff demurred to each paragraph of the answer; the court sustained the demurrer and entered judgment against the defendant. The defendant appeals.

The ordinance ordering the improvement is the basis of the proceeding. It was not in fact filed with the petition although referred to therein as exhibit A. The court erred in overruling the motion of the defendant that the plaintiff be required to file with his petition the exhibit A, therein referred to. The contract under which the work was done was not referred to in the petition as

an exhibit, but this also should have been ordered to be filed on the motion of the defendant, for this contract is an essential part of the proceeding to create the lien.

The allegations of the petition were sufficient. Ball v. Eady Co., 193 Ky. 813; Bayly Construction Co. v. Cornett, 198 Ky. 143. The denials of the answer that certain things alleged in the petition were duly done were insufficient and on motion might have been stricken out. If the determination of the officer was not duly made, the burden is upon the defendant to allege the facts rendering his determination invalid under the statute. Section 3570, Kentucky Statutes, provides:

"Before the board of council shall order the improvement of any street, alley, public way or sidewalk, as provided in section 3563, it shall adopt a resolution designating the street or public ways or sidewalks proposed to be improved, setting out in general terms the character and extent of the proposed improvement and declaring such improvement to be a necessity.

"Such resolution shall be published in one or more issues of a newspaper published in the county in which such city is located, if any, and if there be no paper published in said county, then in some paper which circulates in said city, at least thirty days before the ordinance ordering such improvement shall pass the board of council. At any time prior to the final passage of the ordinance ordering the improvement, the owner of more than fifty per cent (50%) of the abutting property may file a written petition designating the material to be used in the construction of that part of the improvement for the cost of which the abutting property would be liable, or may file a written protest against the improvement. Such petition or protest shall be filed with the mayor and he shall transmit the same to the board of council at its next meeting after he receives the same. Should such petition be filed as above provided, the improvement of that part of the street for the cost of which the abutting property is liable shall not be made with any other material than that designated in the petition unless the ordinance therefor be passed by a two-thirds vote of the members-elect of the council. Should a written protest be filed against said improvement as above provided,

the improvement shall not be made unless the ordinance therefor be passed by a two-thirds vote of the members-elect of the council."

The defendant pleaded that the city council had adopted no resolution as provided in this section before the passage of the ordinance directing the improvement, and that there had been no publication of such a resolution and he had been thus deprived of his right to protest against the improvement.

In general, statutory provisions directing the mode of procedure by public officers are regarded as directory unless a disregard of them injuriously affects the rights of parties. But in the latter case they are regarded as mandatory.

"Where the provisions of a statute relating to public officers, tribunals or bodies are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory." 25 R. C. L., p. 770.

In Mulligan v. McGregor, 165 Ky. 122, a like provision in the statute in cities of the second class was held to be mandatory and to invalidate the proceeding. The court said:

"It is, of course, manifest that property owners are deeply concerned in ordinances and resolutions that impose burdens on their property, and they have a right to know what the city council is doing or intends to do in respect to special assessments, so that they may be in a position to take such action as circumstances and conditions may dictate."

To same effect see City of Newport v. Klotch, 189 Ky. 300.

But the statute before the court in those cases differs from the statute here in that the statute here authorizes the city council to disregard the protest by a two-thirds vote. We see no reason why the council may not do in the beginning what it may do in the end, and conclude that the statute should be regarded as directory, where the ordinance is passed by a two-thirds vote of the council. In such a case the departure from the statute should be regarded as a mere error in the proceedings of the council within the meaning of section 3574, Kentucky

Statutes, which provides, among other things, as follows:

> "Nor shall any error of the proceedings of the board of council exempt any property from the lien for, or payment of, such taxes after the work has been done and accepted as provided in this section; but the board of council or the courts in which suits are pending shall make all corrections, rules and orders to do justice to all parties concerned; and in no event shall the city be liable for any part of the cost of such improvement except as provided in section 3563."

This paragraph of the answer was good upon demurrer in the absence of a showing that the ordinance was passed by a two-thirds vote of the council.

In another paragraph of the answer these facts in substance were alleged: On or about April 11, 1921, the city council passed an ordinance for the improvement in question, directing the mayor to advertise for two consecutive weeks for sealed bids for the work; the bids to be opened and considered by the council on April 30, 1921. On April 30, 1921, no bids were received; no contract was made and after this, on May 9th, the contract was made without any advertisement in any way or any bids or competitive bidding.

In another paragraph it was pleaded that on May 9, 1921, the council passed the ordinance for the improvement and advertised for bids to be received June 13th, but held a special meeting on June 6th and made the contract with the plaintiff without any competitive bidding or letting the work to the lowest and best bidder.

The court erred in sustaining a demurrer to either of these paragraphs. In Bridges v. McAllister, 156 Ky. 96, where work had been done under an ordinance passed by the board of aldermen, but never passed by the board of councilmen at any legal meeting, it was held that the ordinance conferred no authority to do any of the things provided; that the proceedings based upon it were void and that the statute applicable to cities of the second class similar to section 3574, above quoted, had no application because the ordinance was not erroneous but void.

In Preston Land Co. v. Town of Paintsville, 192 Ky. 738, the board passed an ordinance directing bids to be received until August 1st. No bids were received, then on August 10th they let the contract without any notice

other than some telegrams and some letters. Holding the contract invalid the court said:

> "The courts have been rather liberal in upholding bond issues and the like where the requirements of the statutes as to advertising were not strictly followed, but we find in these cases that there had been a substantial compliance with the statute or ordinance. In the present case there was no pretense at such compliance, indeed, there was no advertisement covering the extension period between August 1st and August 10th."

A valid ordinance directing the improvement and a valid contract made upon competitive bidding are necessary to the jurisdiction of the council to charge the property owner with the improvement.

Section 3571, Kentucky Statutes, contains this proviso limiting the power of the council in making contracts for street improvements:

> "Provided, that no such contract shall be let except upon competitive bidding to the lowest and best bidder, after advertisement for two consecutive weeks in some newspaper published in the county in which said city is located, if any, and if there be no paper published in said county, then in some paper which circulates in said city."

The city council is without power to let a contract except upon competitive bidding to the lowest and best bidder after advertisement for two consecutive weeks as provided in the statute. It thus acquires jurisdiction. If it makes errors in its proceedings after it has acquired jurisdiction, these errors come within the saving provision of section 3574. But if it has not jurisdiction it is not a case of error but of action without authority. To illustrate, if after the work is done the council makes any error in accepting the work or apportioning the cost; if the engineer does not estimate the work or if the street committee does not report upon it; if notice of the time and place of the reception of the work is not given and no opportunity is given by the street committee for a protest by the property owners, all these things may be corrected by the board of council, or the courts in which the action is pending, to do justice to all parties concerned.

Judgment reversed and cause remanded for further proceedings consistent herewith.