## Blanton, et al. v. Town of Wallins.

(Decided February 15, 1927.)

### Appeal from Harlan Circuit Court.

1. Municipal Corporations—Lien for Paving Held Enforceable, Though Town Could Not Assume Payment for Paving Intersections.—That town had no right to assume payment of construction of paving in intersections and where public buildings abutted on street was no defense to suit by town against abutting property owners to enforce liens for paving against their respective properties, since they were not prejudiced thereby.

2. Municipal Corporations—Appellate Court Could Not Assume Streets were Not Constructed According to State Highway Commission's Specifications.—Where ordinance called for construction of street under specifications of state highway commission, and there was no proof in record of specifications of state highway department, appellate court could not assume that streets were not constructed in accordance with such specifications, where bid submitted was upon specifications under which road constructed under state highway commission was being constructed.

3. Municipal Corporations—Lien for . Paving Held Enforceable, Though Contractor did Not Make Deposit and Execute Bond.—That contractor had not made $100 deposit for each street at time bid was submitted, and did not execute bonds provided for in ordinance, was no defense to suit against abutting property owners to enforce liens against their properties for paving construction where contract was carried out and streets accepted and no prejudice was shown.

4. ... Municipal Corporations—Contract for Paving Held Let on "Competitive Bidding," Though Only One Bid was Submitted.—It was not necessary that more than one bid be submitted before council could make contract for construction of improvement; "competitive bidding" means that council must by due advertisement give opportunity for every one to bid, but does not mean that more than one bid must be submitted.

5. Municipal Corporations—City Can Ratify Contract for Paving Although Defective When Made.—Where city in first place had right to make contract for paving, if it had gone about it in right manner, it can ratify contract thereafter, although it was defective when made.

LEE & SNYDER for appellants.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The town of Wallins enacted an ordinance in May, 1924, providing for the improvement by grading and paving with reinforced concrete, water bound macadam, Kentucky rock asphalt or other bituminous types of construction equally as good, of certain streets in the town. Howard street, Railroad avenue, Bridge street and Cumberland street were mentioned as the streets to be improved. An ordinance provided that the improvements should be constructed in accordance with plans and specifications for such type of construction adopted by the state highway commission and on file in the office of the state department of public roads at Frankfort. The cost and expenses of the improvement of each street were to be paid by the owners of abutting property on said streets and according to the number of front feet of property abutting thereon. The cost was to be assessed against the individual property owners. The town of Wallins was to pay for the intersections and also where the abutting property belonged to the city, public school, cemetery, county, state or United States. The payment of the amount assessed against the property owners was to be made within thirty days after the improvements had been accepted by the town of Wallins. The ordinance provided for its publication and directed the trustees to advertise for bids for two consecutive weeks in the "Harlan American." The bids were required to be in writing and a cash deposit of $100.00 to be deposited with each bid. The successful bidder was required to execute a bond equal to one-tenth of the amount of his bid, and was fur-

ther to execute a bond in the sum of $2,000.00 indemnifying the town against any liability the city might suffer by reason of damage or injury sustained by persons or property through the negligence of the contractor. The ordinance provided that the bids should be opened on the 5th day of June, 1924, but the contract was not let at that time. Later an advertisement for bids was published in the "Harlan American" for two consecutive weeks, and the Fordson Coal Company submitted a bid on the work. The prices submitted in the bid as is set up therein were based upon the specifications under which the road from Wallins creek to Tisdale was being constructed. The bid submitted by the Fordson Coal Company was accepted and the work was thereafter undertaken by the Fordson Coal Company and was completed and the streets accepted by the town. The assessments were made against the property owners by an ordinance duly enacted by the board of trustees. J. M. Blanton and a number of the other citizens in the town declined to pay the assessment and the town of Wallins instituted suit against them to enforce the liens against their respective properties.

The appellants rely on several defenses. (1) That Bridge street mentioned in the ordinance was not a public street of the city of Wallins but was a road owned and controlled by Harlan county. (2) That part of Cumberland street was not in the corporate limits of the town of Wallins; that there had been an attempt to add the territory to the town of Wallins, but the suit in which it was sought to add that particular territory was still pending in the Harlan circuit court. (3) That the chairman of the board of trustees did not advertise for bids in the "Harlan American" as directed by the ordinance, and no bids were received, opened or considered on the 5th day of June, 1924, as provided by the ordinance; that a copy of the ordinance was published in the "Harlan American" in two consecutive issues and previous to the 5th day of June, 1924, but that the publication of the ordinance was not an advertisement for bids. (4) That the contract entered into by the Fordson Coal Company on the 16th day of August, 1924, was made without previous advertisement and was not done at a regular meeting of the board of trustees and was not a contract let to the lowest and best bidder under any competitive bidding (5) That the Fordson Coal Company did not comply with the ordinance in that it failed to submit a bid for

the separate construction of each of the streets mentioned in the ordinance; that it failed to accompany each bid for each street with a cash deposit of $100.00, and that it failed to execute a bond to the town of Wallins for the faithful performance of the contract and it failed to execute a bond to the town of Wallins conditioned that it would save the town harmless from any damage or injury caused by negligence in the construction of said streets. (6) That the ordinance required the streets to be constructed according to the specifications of the state highway commission and that the construction was not in accordance with such specifications. (7) That the ordinance passed on the 7th day of March, 1924, accepting the improvement of said streets and assessing the cost against the property owners was illegal because no notice was given to the property owners affected thereby. (8) That the Fordson Coal Company had previously entered into a contract with Harlan county whereby it agreed to construct a certain county road, including the streets in the town of Wallins mentioned in the ordinance, and that the citizens in the town of Wallins had donated $3,500.00 to aid in the construction of said streets.

By agreement of parties the affirmative allegations in the answer of the defendants were controverted of record.

We will say in the outset that appellants do not present themselves to this court in a light any too favorable. The streets have been constructed and accepted by the town of Wallins and the contractor has incurred the expense of their construction. If the appellants desired to raise any question about the legality of any of the transactions or proceedings they would have stood much better before the court if they had taken steps to protect their supposed rights before the work was completed. We have set out the defense which they offered to the suit to enforce the liens against their property. The lower court found no merit in their contention.

It is explained in the brief for appellants that the main street through the town of Wallins from the state highway between Harlan and Pineville is one continuous street or roadway but is designated as four separate streets. Cumberland street leads from the state highway to Bridge street, Bridge street crosses Cumberland river and leads to Railroad avenue and Railroad avenue leads to Main street and Main street turns back towards Cumberland river. These are the streets mentioned in

the ordinance and they are the streets which were improved by the contractor. Although denied in the answer, it is admitted in the brief for appellants that after the passage of the ordinance the trustees did advertise for bids on the 5th day of June and that the Fordson Coal Company submitted a bid and a contract was entered into but was later canceled by mutual consent; that thereafter another advertisement for bids was made, as provided in the ordinance, and another bid was submitted by the Fordson Coal Company and another contract was entered into on the 16th day of August, 1924. The first argument against the legality of the assessments is that no proper notice was given to the property owners of the contemplated acceptance of the streets after they had been improved. As we gather from the proof notice was given whether it was required or not, and that disposes of this objection. Another ground relied on in the brief for appellants is that the Fordson Coal Company had made a contract with Harlan county to construct the road up Wallins creek through the town of Wallins and that it had been paid by the county for this work. The evidence does not bear out this contention. Certain technical objections are made to the ordinance, one of which is that the town had no right to assume the payment of that part of the construction in the intersections and where public buildings abutted on the street. We do not see how the appellants could be prejudiced by this, if, in fact, the town had no right to assume the payment of this construction. We have examined the ordinance with some care and it is better prepared than the average ordinance of sixth class towns and is free from serious objections.

The next ground urged for reversal in the brief for appellants is that the ordinance called for construction under the specifications of the state highway commission. The bid submitted was upon the specifications under which the road from Wallins creek to Tisdale was being constructed, that is, a bed from one to three inches of limestone added to the present base and thoroughly rolling same and then spreading asphalt over same to a depth of 2½ inches loose over the stone, the asphalt then being compacted by the use of a ten-ton roller until properly set. We do not think this objection is well taken as there does not appear to be in the record any proof of the specifications of the state highway department,

and if the Wallins-Tisdale road was constructed under the state highway commission the specifications under which the streets were constructed must have been in accordance with the state highway commission's specifications. At all events we have no right to assume that the streets were not constructed in accordance with the specifications of the state highway commission. Complaint is also made that the contractor did not make a deposit of $100.00 for each street at the time the bid was submitted and that it did not execute either of the bonds provided for in the ordinance. It is true that no deposit was made and that no bond was executed. The contract was carried out and the street accepted, and we do not see what that has to do with whether the appellants are owing their proportionate part of the cost of construction. No one was prejudiced by the failure to comply with these provisions of the ordinance. If the question had been raised before the work was done it may be that the citizens of the town could have required a compliance with the ordinance, but it is too late to raise the question after the work has been completed when there is nothing in the record to show that anyone was damaged by reason of this failure to comply with the ordinance. It is next insisted that there was no competitive bidding because there was only one bid. After the advertisements for bids were properly published the board of trustees had the right to consider the only bid that was submitted. The argument is advanced that while it may not have been material that the deposit should have been made with the bid, it is material that the bond should have been executed, and the case of Wallace v. City of Louisa, 273 S. W. 720, is cited in support of that argument. That case held that the deposit was not material, or rather it was held that, where the ordinance called for a deposit of $5,000.00 and the advertisements called for a deposit of $500.00, the requiring of a deposit of only $500.00, instead of $5,000.00, was not material. It was also held in that case that the fact that the bond was not executed, as provided in the ordinance, until some time after the contract was made was not material.

The case of Wait v. Southern Oil & Tar Company, 209 Ky. 682, is cited as authority for the contention that there was no competitive bidding because there was only one bid received. There is nothing in this opinion to show whether one bid or more than one bid was received.

The court said:

> "A valid ordinance directing the improvement and a valid contract made upon competitive bidding are necessary to the jurisdiction of the council to charge the property owner with the improvement."

This is true, but competitive bidding means that the council must by due advertisement give opportunity for everyone to bid, but it does not mean that more than one bid must be submitted before the council has jurisdiction to make a contract if it finds the bid satisfactory. There is no contention here that the contract was let without due advertisement or notice.

Still insisting that the contract made with the Fordson Coal Company was invalid, appellants cite the case of Cohen v. City of Henderson, 182 Ky. 658, and take the position that it is held in that case that the town had no right to ratify the contract by the acceptance of the streets if the contract was invalid in the first place. This case does not so hold. It adheres to the well known principle that if the city in the first place had the right to make the contract, if it had gone about it in the right manner, it could ratify it thereafter although it was defective when made, but if the city had no authority to make the contract in the first place it could not thereafter ratify it because it could not do indirectly what it had no authority to do directly. Under this authority, although it might be conceded that the contract with the Fordson Coal Company was defective, yet the town ratified the contract when it accepted the streets, and it had the right to do so because the town had the authority to make the contract in the first place if it had gone about it in the right manner. We do not mean to say, however, that the contract in this case was invalid for any reason.

Appellants conclude their brief by adverting to the contract which the Fordson Coal Company made with the county to construct a public road which appellants say was to include the road through the town of Wallins. We fail to see any merit in their contention in this respect. The Fordson Coal Company appears to have been generous in its donation toward the construction of the road, and the evidence sustains its contention that the contract which it made with the county of Harlan had nothing to do with the construction of the streets in the

town of Wallins. The evidence also preponderates in favor of the contention that the donations which were made by the citizens of the town of Wallins were to aid in the construction of the road outside of the town.

The judgment of the lower court is affirmed.