## City of Sebree v. Powell.

(Decided October 21, 1927.)

## Appeal from Webster Circuit Court.

1. **Municipal Corporations.**—To ascertain procedure to acquire lien against abutting property for oiling streets, under Ky. Stat., section 3647, such section must be read in connection with statutes providing procedure for acquiring lien on abutting property for street improvements, such as Ky. Stats., sections 3643-1, 3643-2, 3647.

2. **Municipal Corporations.**—No lien was created on abutting property for oiling streets, under Ky. Stats., section 3647, where due notice was not given in that no advertisement for bids was made; "due notice" in such cases being proper advertisement, and "proper advertisement" being one published and giving description of work to be let or materials to be purchased and time and place for receiving bids.

3. **Municipal Corporations.**—Requirements of Ky. Stats., section 3647, providing that contract for the improvement of streets, cost of which is to be assessed against abutting property, shall be let to lowest and best bidder after proper advertisement, are mandatory, and valid contract made on competitive bidding is judicial prerequisite to authorize council to charge property owners with improvement.

4. **Municipal Corporations.**—Failure of property owner to institute any proceedings to prevent oiling of streets held not to estop him from refusing to pay proportionate part of oil tax, where proceedings authorizing work were invalid for jurisdictional defect in that proper advertisement for bids was not made.

RAYBURN & WITHERS for appellant.

C. W. BENNETT for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Sebree is a city of the fifth class, and its council adopted a resolution providing for the improvement of certain designated streets by spreading oil thereon, the cost of the improvement to be assessed against the owners of the abutting property on the streets designated. The resolution was published as required by section 2741e2, Kentucky Statutes. The sum apportioned to be paid by appellee as his proportionate part of the oil tax was $111.09, which he refused to pay, and the city instituted this action to enforce a lien upon his property.

The petition as amended avers that after the passage and publication of the resolution providing for the oiling of the streets, letters were written to various companies having oil for sale, and the oil used was purchased from the company making the lowest price, and the contract for spreading the oil was made with the person offering to do the work at the lowest price. No advertisement for bids was made. A second amended petition was filed, in the second paragraph of which it was averred that the defendant was present in the city of Sebree at the time of the passage and publication of the resolution providing for the oiling of the street in front of his property, and at the time the oil was being spread, and that he never objected to any of the work nor filed any proceeding seeking to prevent the work from being done; that he knew the city was having the work done and intended to charge the cost to the abutting property owners; that the cost of the oil and of spreading it was reasonable, and the defendant was not prejudiced by the failure of the city to advertise the letting of the contract. These facts were relied upon as an estoppel.

· The lower court sustained demurrers to the petition as first amended and to paragraph 2 of the second amended petition. The city declined to plead further, and its petition was dismissed, and it has appealed.

Section 3647 of the Kentucky Statutes provides that when the expenditure required for any street work or for any supplies or materials for the same exceeds $100, ''the same shall be done by contract, and shall be let to the lowest responsible bidder, after due notice, under such regulations as may be prescribed by ordinance.''

It is appellant's contention that the publication of the resolution and the writing of letters to bidders selected by council constituted due notice, within the meaning of the statute, and amounted to a substantial compliance therewith. That to adopt such a construction would lead to abuse can be readily seen. The number and personnel of the bidders would be limited to those selected by the members of the council. The statute authorizing cities of the fifth class to oil streets at the cost of abutting property owners is silent as to the procedure to be followed in order to acquire a lien, and to ascertain this procedure section 3647 must be read in

connection with those sections of the statutes providing the procedure for acquiring a lien on abutting property for street improvements.

Section 3643-1. authorizes the city council to order any work it may deem necessary to be done upon the sidewalks, curbing, sewers and streets of the city. Section 3643-2 provides that whenever the city council shall determine upon the construction or reconstruction of streets at the expense of the abutting property, the contract for the improvement shall be awarded to the lowest and best bidder after proper advertisement for bids. Due notice as used in section 3647, when applied to contracts for the improvement of streets at the expense of abutting property, means proper advertisement, and an advertisement can only be proper when it is published and gives a description of the work to be let, or the materials to be purchased and the time and place for receiving bids.

In the instant case no such notice was given, and as a result no lien was created upon appellee's property. City of Tompkinsville v. Miller, 195 Ky. 143, 241 S. W. 809; Board of Councilmen of City of Frankfort v. Noel, 213 Ky. 513, 281 S. W. 505.

It is also contended by appellant that appellee, because of his failure to institute any proceedings to prevent the work from being done, is estopped from asserting any defense, and it relies upon Realty Savings Co. v. Southern Asphaltoilene Road Co., 180 Ky. 242, 202 S. W. 679, and the cases therein cited. In the Realty Savings Company case the contract under which the work was done was valid and was entered into after all prior steps had been taken by the council as required by law, and the defendant therein was not seeking to defeat the lien because of the failure of the council to comply with a jurisdictional requirement.

The requirements of the statute, providing that a contract for the improvement of streets, the cost of which is to be assessed against the abutting property, shall be let to the lowest and best bidder after proper advertisement, are mandatory and a valid contract made upon competitive bidding is a jurisdictional prerequisite to authorize the council to charge the property owners with the improvement. Wait v. Southern Oil & Tar Co., 209 Ky. 682, 273 S. W. 473.

The doctrine of estoppel has no application in cases like this where the proceedings authorizing the work are invalid by reason of jurisdictional defects so far as the property owner sought to be charged is concerned. In Mulligan v. McGregor, 165 Ky. 222, 176 S. W. 1129, this court said:

"The argument is further made on behalf of the city that the property owners knew this improvement was being made, and not having raised any objection during the progress of the work, they are now estopped to question the validity of the proceeding after the work has been completed and accepted. But the defect in this proceeding being a jurisdictional one, the doctrine of estoppel can have no application. The property owner need not take any notice of an improvement that is made without authority. He is not to be denied the right to question the assessment of his property when it is sought to be subjected to the payment of a void tax."

The chancellor properly sustained the demurrers to appellant's petition as amended and to paragraph 2 of the second amended petition and the judgment is affirmed.