**CITY OF HARTFORD et al. v.
KING et al.**

Court of Appeals of Kentucky.
May 9, 1952.

Earl F. Martin, Hartford, Hubert Meredith, Owensboro, for appellants.

Woodward, Bartlett & McCarroll, Owensboro, for appellees.

CLAY, Commissioner.

This suit was brought by property owners to enjoin the City of Hartford and a contractor from enforcing street assessment liens. The Chancellor granted the injunction.

In June of 1948 members of the city council discussed with the contractor the possibility of improving certain unpaved streets in the city. On July 1 the council held a regular meeting and passed an ordinance providing for street improvements, purportedly in accordance with the authority granted under KRS 94.580, 94.590 and 94.600. The following day, July 2, this ordinance was published in a local newspaper, along with a "Notice to contractors," asking for sealed bids to perform the work. This notice provided that no bids would be received after 10:00 a. m. the following day, July 3. A similar notice had been published on June 25, prior to the enactment of the ordinance.

On July 6, at what appears to have been an adjourned session of the regular July 1 meeting, the council accepted the oral bid of the contractor to perform this work. He undertook the job and completed it on or before August 5. On that date the council approved and accepted the work, and provided for the assessment of property owners to pay the cost thereof, fixed at $39,000.

Two major questions are involved: (1) whether or not the ordinances and the proceedings taken thereunder were invalid; and (2) if so, whether or not the property owners are estopped to assert such invalidity in this proceeding.

The above recited facts are not in dispute. In addition, it is admitted by appellants: (1) no sealed bid was submitted by the contractor; (2) there was no written contract for the work; and (3) no bond, as required by statute, was executed by the contractor.

Admittedly the method of procedure followed by the city council failed to comply strictly with several requirements of the principal statute involved. KRS 94.600 provides as follows:

"(1) Whenever the city legislative body in cities of the fifth and sixth classes shall determine upon the construction, reconstruction or laying of public ways, public places, sewers, water mains, 'and connections, at the expense of the abutting property owners, it shall cause the same to be done *by ordinance,* and *by contract* awarded to the lowest and best bidder *after proper advertisement* for bids. The city legislative body shall require the accepted bidder to *execute a bond* to the city with good and sufficient security, to be approved by the city legislative body, for the faithful performance of his contract.

"(2) In the erection, improvement and repair of all public buildings and works, in all street and sewer works, * * * when the work is done at the expense of the city and the expenditure required exceeds the sum of one hundred dollars, it shall be done *by contract,* and shall be *let to the lowest responsible bidder, after due notice,* under regulations prescribed by ordinance." (Our italics.)

(1) It is appellants' contention that while there was a failure to comply with the strict requirements of the statute, there was substantial compliance, and after acceptance of the work by the city the proceedings may not be attacked in the absence of fraud or mistake. It is appellees' contention that the failure of the city council and the contractor to comply with this statute was such a flagrant disregard of its provisions that the entire proceedings were invalid and void.

We will first consider the question of advertising for bids. The statute uses the expressions "proper advertisement" and "due notice." Clearly it contemplates that the request for bids shall be published at

such time as will allow prospective bidders a reasonable time to examine the specifications, to estimate costs, and to present fair bids. Certainly the advertisement published on July 2 requiring bids to be submitted at 10:00 o'clock the following morning was neither due notice nor proper advertising.

Appellant contends, however, that the notice published on June 25 allowed sufficient time for bids to be received. This notice was ineffective, since no ordinance had been passed authorizing the work described therein. No businessman would think of submitting a bid on the basis of that notice in the absence of an ordinance. There could be no "proper advertisement" prior to the enactment of some ordinance or resolution legally initiating the project. See City of Henderson v. Lambert, 14 Bush 24. Massey v. City of Bowling Green, 206 Ky. 692, 268 S.W. 348, cited by appellants, is not authority to the contrary.

These provisions of the statute with respect to notice and advertisement are mandatory, for the reason that the council is required to award the contract to the lowest and best bidder, and without a proper published request for bids there is no assurance that competition will play its part in keeping the cost as low as possible. Competitive bidding is a jurisdictional prerequisite to the authority of the city legislative body to charge property owners with the cost of improvements. City of Sebree v. Powell, 221 Ky. 478, 298 S.W. 1103.

Not only was there a lack of proper advertising, but the contract between the city and the contractor was not in writing. While the statute does not expressly provide for a written contract, most cogent reasons require the observance of such formality. It is well settled that a city must speak through its records, and there was no record commitment or authorization for anyone to bind the city by an oral contract. Oral agreements made by cities were condemned in Creekmore v. Central Construction Company, 157 Ky. 336, 163 S.W. 194; and Fiscal Court of Breckenridge County v. Board of Trustees of Town of Hardinsburg, Ky., 118 S.W. 298.

A serious objection to such contracts is their lack of certainty. At no time could the members of the public or the property owners know what were the specific obligations of either the city or the contractor. The terms of the agreement would exist only in the minds of the council members and the contractor, and might well be subject to change from time to time upon mere whim or caprice. The evils were pointed out in Meacham Contracting Company v. City of Hopkinsville, 164 Ky. 703, 176 S.W. 187, wherein this Court refused to sanction the oral variation of a written contract by the mayor of a city. In Hydes & Goose v. Joyes, 4 Bush 464, the general council of the City of Louisville had by ordinance undertaken the grading and paving of sidewalks. It was provided that the work should be done under the supervision and control of the city engineer. The court held the ordinance invalid because it left the terms of the contract to the discretion of the engineer, which would thereby render them uncertain. The court said, 4 Bush at page 469: "To allow such an ordinance to bind the property-holder is to destroy all the safeguards thrown around him by law."

There is a still further objection. The statute requires competitive bidding. If bids (which are simply contractual offers) may be oral, how can the public or the property owners determine whether or not the contract is let to the lowest and best bidder? The city council is without power to enter into a contract with one who does not fulfill that prerequisite. See Wait v. Southern Oil & Tar Company, 209 Ky. 682, 273 S.W. 473. For the protection of the public, the bid or the contract must be in writing. As stated in City of Sebree v. Powell, 221 Ky. 478, at page 480, 298 S.W. 1103, at page 1104:

"The requirements of the statute, providing that a contract for the improvement of streets, the cost of which is to be assessed against the abutting property, shall be let to the lowest and best bidder after proper advertisement, are mandatory and a valid contract made upon competitive bidding is a jurisdictional prerequisite to authorize the council to charge the property owners with the improvement."

At least insofar as the property owner to be assessed is concerned, an oral contract for street improvements does not comply with the essential requirements of the statute.

■ It is unnecessary for us to discuss the lack of a contractor's bond, and the other objections to the procedure followed in this case. The failure of the ordinance to provide for proper advertisement, and the failure of the council to require a written bid or to enter into a written contract, constituted such fatal defects that the city council was without power or authority to assess the cost of the improvements against appellees.

(2) The next contention of appellants is that even if the proceedings did not strictly comply with the statutory requirements, appellees are estopped to deny liability because they stood by and made no attempt to stop the work from which they will benefit. A number of cases are cited to the effect that property owners who acquiesce in the construction of an improvement cannot deny their obligation to pay their proportionate share of the cost. Such cases are Denton v. Carey-Reed Company, 169 Ky. 54, 183 S.W. 262; Blanton v. Town of Wallins, 218 Ky. 295, 291 S.W. 372; Wilson v. Blanton, 226 Ky. 518, 11 S.W.2d 127; O'Mara v. Town of Mt. Vernon, 299 Ky. 401, 185 S.W.2d 675. A consideration of these cases, and others cited, will demonstrate that the property owners relied upon defective procedures, or errors or omissions which were not vital to the proceedings and which did not prejudice them. In those cases it was found that there had been 'substantial compliance with the law, and the principle of estoppel or laches was applied. Examples of the type of errors which are not jurisdictional and do not vitiate the proceedings are set forth in Wait v. Southern Oil & Tar Company, 209 Ky. 682, at page 687, 273 S.W. 473.

■ The latter opinion, however, points out that the city's power to let a contract, upon competitive bidding after advertisement, is dependent upon compliance with the mandatory provisions of the statute. As stated in City of Sebree v. Powell, 221 Ky. 478, at page 481, 298 S.W. 1103, at page 1104:

"The doctrine of estoppel has no application in cases like this where the proceedings authorizing the work are invalid by reason of jurisdictional defects so far as the property owner sought to be charged is concerned."

The soundness of this principle may not be successfully challenged. The property owner has the right to assume the city legislative body, in undertaking public works, is doing so in accordance with specific statutory authorization, which is the only warrant by which it may act at all. He has a right to rely upon compliance with the applicable statutory requirements by public officials. He cannot be estopped to deny that the legislative body has violated his rights by such flagrant violations of the law as to constitute arbitrary action without authority.

In the present case, in view of the private negotiations with the contractor and the absence of a written bid or contract, what possible protection did the property owner have from collusion on the part of the city council or the fixing of an exorbitant charge by the contractor? We do not suggest that either of these circumstances existed, but the opportunity for illegal practices would be limitless unless the property owners may rely upon the statutory safeguards. See Mulligan v. McGregor, 165 Ky. 222, 176 S.W. 1129; Hydes & Goose v. Joyes, 4 Bush 464; Preston Land Company v. Town of Paintsville, 192 Ky. 738, 234 S.W. 445; Moseley Hospital v. Hall, Mayor, 207 Ky. 644, 269 S.W. 1004. As said in City of Tompkinsville v. Miller, 195 Ky. 143, at page 146, 241 S.W. 809, at page 810:

"It has long been well established that the power to require abutting property owners in a city to pay the costs of an improvement, and to create a lien upon the property to secure and satisfy the costs of the improvement, is derived purely from statutory authority, and, where no statute exists which authorizes the council to impose the costs of such an improvement upon the abutting property, it is with-

out power to do so; nor can it create a lien for such purpose, unless authorized by statute, and, if so authorized, the proceeding to effect it must be in substantial compliance with the terms of the statute upon the subject."

See also *City of Newport v. Klatch,* 189 Ky. 300, 224 S.W. 844.

We conclude that the proceedings taken by the city to create assessment liens against appellees' property were invalid and void because of the failure to comply substantially with the pertinent statutory provisions, and appellees were not estopped to assert such invalidity. Therefore, the Chancellor properly granted the injunction prayed by them.

*The judgment is affirmed.*