NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0076n.06

Case No. 22-5598

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Feb 07, 2023
DEBORAH S. HUNT, Clerk

PREMIER LAND DEVELOPMENT
COMPANY, LLC,

     Plaintiff-Appellant,

v.

BEDROCK CONTRACTING, INC.,

     Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
KENTUCKY

OPINION

Before: GRIFFIN, WHITE, and THAPAR, Circuit Judges.

PER CURIAM. Offer and acceptance—both are necessary to form a contract. The parties here agree they contracted but dispute what was offered and what was accepted. Were they bound by the terms of a written bid or of several oral agreements? The district court concluded the parties were bound by the terms of the written bid and granted summary judgment. We affirm.

I.

Premier Land Development needed rocks cleared for its latest residential project, so it asked Bedrock Contracting to prepare a bid for blasting. Bedrock prepared the bid and sent it to Premier. When Premier balked at the first bid, Bedrock submitted a second, less expensive bid. The bid provided the cost of the project, stated that blasting would be done "per current best common standards and practices," and allowed recovery of attorney's fees. R. 29-2, Pg. ID 159.

After providing the revised bid, Bedrock performed the blasting. Premier paid in full before inspecting the work. When Premier inspected, it discovered a problem: it couldn't remove the rocks that Bedrock had blasted. So Premier told Bedrock it wasn't satisfied, and Bedrock agreed to "re-blast some of the areas to satisfy Premier." R. 37-2, Pg. ID 225 (affidavit of Premier owner). Bedrock re-blasted, but Premier remained dissatisfied. On two subsequent occasions, Bedrock promised to "make the situation right." *Id.* (affidavit of Premier owner). But Bedrock took no further action, so Premier performed its own excavations and sued Bedrock for breach of contract.

The parties disputed whether there was one written agreement or multiple oral agreements. Premier claimed that the parties formed an oral agreement for the initial work, an oral agreement to re-blast, and two further oral agreements to make the situation right. Bedrock maintained that its revised bid alone defined the parties' relationship. In its summary judgment orders, the district court agreed with Bedrock and also held that the agreement entitled Bedrock to attorney's fees. *Premier Land Dev. Co. v. Bedrock Contracting, Inc.*, No. 3:20-cv-149 (RGJ), 2021 WL 4073284, at *8 (W.D. Ky. Sept. 7, 2021) (breach of contract); *Premier Land Dev. Co. v. Bedrock Contracting, Inc.*, No. 3:20-cv-149 (RGJ), 2022 WL 2111965, at *4 (W.D. Ky. June 10, 2022) (attorney's fees). Premier timely appealed.

II.

Under Kentucky law, a bid is an offer, not a contract. *City of Hartford v. King*, 249 S.W.2d 13, 15 (Ky. 1952). To form a contract, the bid recipient must accept the offer, which it may do by its actions. *See Furtula v. Univ. of Ky.*, 438 S.W.3d 303, 308–09 (Ky. 2014); *see also* Restatement (Second) of Contracts § 19(2) (Am. L. Inst. 1981). Any action can constitute acceptance if the party "knows or has reason to know that the other party may infer from his conduct that he assents."

*Furtula*, 438 S.W.3d at 309 (quoting Restatement (Second) of Contracts § 19(2) (Am. L. Inst. 1981)).

Bedrock's revised bid was an offer, and Premier's conduct was sufficient to accept that offer. Premier allowed Bedrock to come onto its property and perform the blasting work that formed the basis of the bid. Then, Premier paid Bedrock for the work. Premier thus performed exactly as it would have been required to if it had signed the bid. That's enough to show that Premier accepted Bedrock's offer. *See id.* at 308–09; Restatement (Second) of Contracts § 19(2) (Am. L. Inst. 1981). So all of the terms included in the offer became part of the contract.[1]

Premier admits that it had a contract with Bedrock, but it claims the terms of that contract were defined orally, not in the bid. The problem? There's no evidence to support Premier's view. To defeat Bedrock's summary judgment motion, Premier had to point to evidence creating a material issue of fact. Fed. R. Civ. P. 56(c)(1). Premier came up empty. First, Premier submitted no evidence of an initial oral agreement that was separate from the bid. Second, by all accounts, the bid was a valid offer, and Premier's conduct shows it accepted that offer. Premier didn't identify any evidence that it rejected the offer or added terms.[2]

Left without any record support, Premier turns to *Perkins v. Daugherty*, 722 S.W.2d 907 (Ky. Ct. App. 1987). In *Perkins*, the court ordered a developer to pay an engineer for completed

---

[1] Premier never argues that if the revised bid formed a valid contract Bedrock breached it. So it has forfeited that argument. *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018).

[2] The bid proposal does not purport to be an integrated agreement, and additional oral terms are therefore permitted. *Johnson v. Dalton*, 318 S.W.2d 415, 417 (Ky. 1958). Premier alleged in its amended complaint that it "came to a verbal agreement in 2017 for [Bedrock] to perform certain blasting work," R. 9, Pg. ID 61, and Premier notes this assertion in its appellate brief. Premier also asserts in its appellate brief that "Premier had retained Bedrock . . . for blasting services previously and contacted them about a price quote," and that "Bedrock knew exactly the purpose for which Premier had hired Bedrock and the needs of the blasting." Appellant Br. 1. Bedrock does not contest that the parties had a prior course of dealing but does challenge Premier's assertion that Bedrock knew exactly the purpose for which it had been hired. In any event, the bid itself states the scope of the work, and Premier provides no evidence about its prior relationship with Bedrock, the terms of the initial verbal agreement, or how and when the verbal agreement was formed.

work so that the developer would not be unjustly enriched. *Id.* at 909. Unlike this case, there was no written bid in *Perkins*. *Id.* Indeed, the parties there only disputed whether the engineer should be paid, not whether they were bound by any additional terms. Thus, *Perkins* doesn't allow Premier to escape the terms of the revised bid. On this record, Premier became bound by the terms in the revised bid when it accepted Bedrock's offer.

Premier also claims that the parties formed three additional oral contracts—first to re-blast to Premier's satisfaction and then, in the last two agreements, to make things right. Premier claims that Bedrock breached the latter two oral agreements.[3] But promises do not become contracts until the party making the promise receives something in return. *U.S. Liab. Ins. Co. v. Watson*, 626 S.W.3d 569, 576 (Ky. 2021). Although Bedrock allegedly promised to "make the situation right," it didn't receive anything in exchange from Premier. R. 9, Pg. ID 63–64; R. 37-2, Pg. ID 225. So there were no oral contracts.

Premier asserts that it promised not to sue Bedrock in exchange for Bedrock's promises to make things right. But Premier never provided any evidence backing this assertion. And at summary judgment, lack of evidence is fatal. Fed. R. Civ. P. 56(c)(1). Thus, the district court correctly held that Bedrock was entitled to summary judgment on this issue.

### III.

Finally, Premier challenges the district court's award of attorney's fees. Under Kentucky law, each party pays its own attorney's fees unless a contract or statute allows the prevailing party to recover its attorney's fees from the loser. *Seeger v. Lanham*, 542 S.W.3d 286, 295 (Ky. 2018). Here, the parties' contract did just that. In relevant part, the contract provides:

---

[3] Premier doesn't argue on appeal that Bedrock breached the first oral promise to re-blast.

> Should either party employ an attorney to institute suit to enforce any of the provisions hereof, [or] to protect its interest in any matter arising under this contract . . . the prevailing party shall be entitled to recover reasonable attorney's fees.

R. 29-2, Pg. ID 159.

Bedrock's claim for attorney's fees satisfies the contract's criteria. First, Premier hired an attorney to sue Bedrock. Second, Premier sued to enforce the contract. The only contract governing the parties was the revised bid, so Premier's suit concerned this contract. Finally, Bedrock is the prevailing party in this litigation. Thus, it's entitled to "reasonable attorney's fees." *Id.*

Premier argues that Bedrock's attorney's fees of $23,095 aren't reasonable. Bedrock produced affidavits supporting its request for attorney's fees. Considering the affidavits, the result of the case, and its own experience, the district court concluded the fees were reasonable. *Premier Land*, 2022 WL 2111965, at *3. We will only reverse that award if the district court abused its discretion. *Chin v. Chin*, 494 S.W.3d 517, 524 (Ky. Ct. App. 2016).

Premier hasn't met that high burden. It claims the affidavits supporting the award were self-serving. But that argument goes to the weight of the affidavits. It doesn't affect the other factors the district court considered, including its experience and the result of the case. Those factors, along with the affidavits, provided ample support for the district court's award of attorney's fees.

\*       \*       \*

We affirm.